BARNES, J.,
for the Court:
¶ 1. Roventay Tremaine Peden appeals his conviction for possession of cocaine and sentence of seven years in the custody of the Mississippi Department of Corrections (MDOC). Police received a tip from a confidential informant that two black males were selling cocaine out of a room at the Western Motel in Philadelphia, Mississippi. Police obtained a search warrant and raided the room. Peden and Lewis Clemons were in the motel room; both men were lying under the covers in separate beds. Police found a small bag of cocaine in Clemons’s pocket. Another bag containing rocks of crack cocaine was located on a table between the two beds. This bag was approximately six inches from Peden’s bed and within arm’s length of Peden. Both men were indicted for possession of cocaine in an amount of at least 0.1 gram and less than 2 grams. Clemons pleaded guilty and testified at Peden’s trial that the bag on the table was not Clemons’s.
¶ 2. During trial, Peden moved for a directed verdict, which was denied by the circuit court. Peden was convicted and sentenced to seven years in the custody of the MDOC, with credit for time served. Peden filed a motion for a judgment notwithstanding the verdict or, in the alternative, a new trial. The circuit court denied the motion, and Peden now appeals his conviction and sentence. Finding no error, we affirm the judgment.
I. Whether the circuit court erred in denying Peden’s motion for a directed verdict.
¶ 3. “A motion for a directed verdict ... challenge^] the sufficiency of the evidence.” Collins v. State, 97 So.3d 1247, 1250 (¶ 10) (Miss.Ct.App.2012) (citing Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005)). It is undisputed that Peden was not actually in possession of the cocaine. Therefore, in order to sustain the conviction, the State was required to prove that Peden constructively possessed the cocaine.
¶ 4. Constructive possession of drugs “may be shown by establishing that the drugs involved were subject to [the defendant’s] dominion or control.” Glidden v. State, 74 So.3d 353, 355 (¶ 5) (Miss.Ct.App.2010) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). “Proximity is usually an essential element, but by itself is not adequate in the absence of other incriminating circumstances.” Id. (quoting Gavin v. State, 785 So.2d 1088, 1093 (¶ 16) (Miss.Ct.App.2001)).
¶ 5. Peden contends that his proximity to the cocaine was the only evidence of the ownership of the bag. He claims that Clemons rented the motel room, making him the “owner” of the premises. However, Clemons had his own bag of cocaine in his pocket. It is reasonable to infer that the bag next to Peden’s bed, which was within his reach, actually belonged to Pe- *634 den. Furthermore, although Clemons did not state that the cocaine on the table belonged to Peden, he did testify that the bag on the table was not his. He said, “[M]ine was in my pocket, you know, so I can’t, you know, sit here and say whatever else was anybody else’s, you know, [because mine was on me.”
¶ 6. “The elements of constructive possession may be proven by circumstantial evidence.” Fontenot v. State, 110 So.3d 800, 804 (¶ 12) (Miss.Ct.App.2012) (quoting Bates v. State, 952 So.2d 320, 325 (¶ 21) (Miss.Ct.App.2007)). Viewing the evidence in the light most favorable to the State, there was sufficient evidence to convict Peden of constructive possession of the cocaine, and a rational juror could have found that the State proved all of the elements of the offense beyond a reasonable doubt. This issue is without merit.
II. Whether the circuit court erred in refusing Jury Instructions D-6 and D-10.
¶ 7. Peden argues that the circuit judge improperly refused Jury Instructions D-6 and D-10. The decision as to whether to give or refuse a jury instruction is subject to the circuit court’s discretion. Perilloux v. State, 113 So.3d 603, 609 (¶ 23) (Miss.Ct.App.2012). If the instructions, when read as a whole, “fairly announce the law and create no injustice, no reversible error will be found.” Id. (quoting Walker v. State, 913 So.2d 198, 232 (¶ 124) (Miss.2005)).
A. Jury Instruction D-6
¶ 8. Jury Instruction D-6 states:
The defendant is charged by indictment with the crime of possession of cocaine. To constitute a possession, there must be sufficient facts to warrant a finding beyond a reasonable doubt that a defen-, dant was aware of the presence and character of the cocaine, and was intentionally and consciously in possession of same. Where the particular substance is not in the actual physical possession of a defendant, there must be sufficient facts to establish beyond a reasonable doubt that the particular substance involved was subject to the defendant’s dominion or control.
The circuit judge found that Jury Instruction D-6 was repetitive. Jury Instruction D-7, which was given by the court, stated in pertinent part: “Where the particular substance is not in the actual physical possession of the Defendant, there must be sufficient facts to establish beyond a reasonable doubt that the substance involved was subject to Roventay Tremaine Peden’s dominion or control.” Additionally, Jury Instruction D-9, which was also given by the court, required the jury to believe beyond a reasonable doubt that Peden “intentionally had in his possession cocaine, and that [he] knew it was cocaine,” in order to convict.
¶ 9. Viewing the jury instructions as a whole, we agree that Jury Instruction D-6 was repetitive. Accordingly, we find no abuse of discretion in the circuit court’s refusal of the instruction.
B. Jury Instruction D-10
¶ 10. Jury Instruction D-10 reads:
One who is the owner in possession of the premises is presumed to be in constructive possession of the articles found in or on the property possessed. In this ease[,] the cocaine was found in the premises or hotel room of Lewis Clemons at a time when the hotel room was occupied by the said Lewis Clemons. Therefore, the law presumes that the cocaine found in the hotel room was in the possession of Lewis Clemons, and before you can find Roventay Tremaine Peden guilty, the State must overcome this presumption by competent evidence *635 proving beyond a reasonable doubt that Roventay Tremaine Peden had dominion and control over the cocaine.
The instruction is correct in one respect. “A presumption of constructive possession arises against the owner of premises upon which contraband is found.” Cunningham v. State, 583 So.2d 960, 962 (Miss.1991) (citations omitted). Clemons admitted that he rented the room.
¶ 11. However, in Pate v. State, 557 So.2d 1183, 1186-87 (Miss.1990), the Mississippi Supreme Court found that the renting of a hotel room by the defendant did not warrant a finding that he constructively possessed drugs found in the room by the maid after he had departed twenty-four hours earlier.
The only proof here is that [Joseph] Pate rented the room and that the contraband was found there the day after he had checked out. Any one of the motel staff could have put it there. Any guest of Pate’s could have put it there. Finally, it may have been there before Pate rented the room, or it may have been hidden there afterwards.
Id. Similarly, in Clodfelter v. Commonwealth, 218 Va. 619, 238 S.E.2d 820, 822 (1977), the Virginia Supreme Court held that even though the defendant had rented a hotel room, had “deposited some of his personal effects there,” and had given police a false identity when questioned, this was not sufficient to show beyond a reasonable doubt that he constructively possessed drugs found in the hotel room. In both cases, neither defendant was present in the hotel room when drugs were found; thus, the mere registration of the hotel room alone was not sufficient to establish ownership of the premises.
¶ 12. When refusing Jury Instruction D-10, the circuit judge stated that there was nothing in the facts to support the giving of the instruction. While a defendant is entitled to have his theory of defense presented to the jury, the circuit court may refuse the instruction “[i]f there is no foundation in the evidence to support a particular defense theory[.]” Bennett v. State, 76 So.3d 736, 741 (¶ 17) (Miss.Ct.App.2011). Unlike the cocaine found in his pocket, there was no evidence that Clemons exerted exclusive dominion or control over the bag of cocaine on the bedside table. Clemons testified that the bag of cocaine on the table did not belong to him. Furthermore, the bag containing the crack cocaine was less than a foot away from Peden and in plain view; he was clearly aware of the presence of drugs. Peden was discovered by police under the covers of the bed, asleep, indicating he was staying in the room with Clemons. But cf. Nelson v. Commonwealth, 17 Va.App. 708, 440 S.E.2d 627, 628-29 (1994) (defendant, present in hotel room registered to another where drugs were found, did not constructively possess drugs since drugs were not in plain view, no drugs were found on defendant, and evidence failed to show how long defendant had been in room).
¶ 13. We find no error in the refusal of Jury Instruction D-10.
III. Whether the circuit court erred in denying Peden’s motion to suppress the search warrant and, consequently, the results of the search.
¶ 14. A confidential informant (Cl) phoned Officer Ralph Sciple that cocaine was being sold from the motel room occupied by Clemons and Peden. Police properly requested the issuance of a search warrant. At trial, Peden moved to suppress the search warrant and any evidence obtained through the search warrant. The circuit judge denied the motion, finding that the information from the Cl was credible and that the search warrant was is *636 sued within twenty-four hours of when the alleged activity occurred.
¶ 15. On appeal, Peden claims that the cocaine found was the result of an unreasonable search and seizure because the information from the Cl was not current; he claims that the affidavit for the search warrant does not state when the Cl saw the narcotics in the room. Officer Sciple, who talked with the Cl, testified that the Cl had been in the motel room two to three hours prior to the officer’s request for the search warrant. It was also noted on the search warrant that all of the events supporting the warrant had occurred within the past twenty-four hours. We find nothing to indicate the information obtained from the Cl was stale.
¶ 16. Further, Office Sciple said that he had been given “truthful information” from the Cl in the past. “The veracity of a confidential informant may be established by a statement of the affiant that the confidential informant has given credible information in the past.” Cooper v. State, 93 So.3d 898, 901 (¶ 8) (Miss.Ct.App.2012).
¶ 17. Accordingly, we find that the judge properly denied the motion to suppress the search warrant.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF NESHOBA COUNTY OF CONVICTION OF POSSESSION OF COCAINE AND SENTENCE OF SEVEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH CREDIT FOR TIME SERVED, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NESHO-BA COUNTY.
LEE, C.J., IRVING and GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, FAIR AND JAMES, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT.