# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-KA-00812-COA

KENDRICK JEROUM BODY A/K/A KENDRICK        APPELLANT
JEROUME BODY

v.

STATE OF MISSISSIPPI        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/11/2013 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | NEWTON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | EDMUND J. PHILLIPS JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: MELANIE THOMAS |
| DISTRICT ATTORNEY: | MARK SHELDON DUNCAN |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCED TO EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS |
| DISPOSITION: | AFFIRMED - 09/23/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

BEFORE LEE, C.J., ISHEE AND JAMES, JJ.

JAMES, J., FOR THE COURT:

¶1.     Kendrick Body was convicted of possession of a firearm by a convicted felon and was sentenced to eight years in the custody of the Mississippi Department of Corrections. During trial, Body made an ore tenus motion for a directed verdict, which the trial court denied. Body also filed a post-trial motion for a new trial, which the trial court denied. Body raises the following issues: whether the trial court erred in denying his motion for a directed verdict

and his motion for a new trial and whether the trial court erred in denying his request for a peremptory instruction.

**FACTS**

¶2. On April 22, 2010, Newton Police Chief Harvey Curry and Investigator Michael Williams responded to a disturbance call on Oak Street in Newton, Mississippi. At trial, Williams testified that he was informed that Body was involved in the original disturbance. He further testified that once he arrived on the scene, he heard a gunshot from the woods. However, Investigator Williams's view was obstructed, and he was unable to see who fired the shot. Investigator Williams saw an unidentified black male wearing a white t-shirt and a backpack, running. Investigator Williams and other officers immediately started a search of the wooded area across from Railroad Street, behind Pine Street and Ruffin Drive.

¶3. When Investigator Williams encountered Body, he was wearing a white t-shirt, sitting on the ground behind shrubbery. Investigator Williams then pulled out his taser and instructed Body to come out of the shrubbery. Investigator Williams then handcuffed him and noticed an object left behind where Body was found, and instructed another officer to retrieve it. The item discovered was a backpack that contained a Manurhin handgun. Investigator Williams testified that he identified Body as the shooter because of his white t-shirt; he could not identify the man facially.

¶4. At trial, Investigator Williams was the State's only witness. Body's only witness was his friend, Justin Evans. Evans testified that Body did not arrive until after the original disturbance, but before the gunshot occurred. After Evans and Body heard the gunshot, they started running. Evans also testified that when he was with Body, he did not see Body with

2

a gun. Evans admitted that he was not with Body the entire time; at some point while they were running, they split. He was not with Body when the police found him.

¶5. Evidence of Body's prior conviction of burglary in 2006 was admitted into evidence at trial. Body made an ore tenus motion for a directed verdict at the close of the State's evidence, which the trial court denied. After trial, Body filed a motion for a new trial, which was also denied by the trial court. Body appeals.

## DISCUSSION

### I. Whether the trial judge erred in denying Body's motion for a directed verdict and his motion for a new trial.

¶6. The court "reviews a trial judge's grant or denial of a motion for [a] directed verdict de novo." *McGee v. River Region Med. Ctr.,* 59 So. 3d 575, 578 (¶8) (Miss. 2011). "A motion for a directed verdict considers the sufficiency of the evidence presented in the opponent's case[-]in[-]chief, and asks if the non-moving party carried the burden of going forward; if it has not, the motion should be granted." *Wal-Mart Stores Inc. v. Littleton,* 822 So. 2d 1056, 1058 (¶7) (Miss. Ct. App. 2002).

¶7. The Mississippi Supreme Court has stated: "[T]his Court considers 'whether the evidence, as applied to the elements of a party's case, is either so indisputable, or so deficient, that the necessity of a trier of fact has been obviated.'" *Spotlite Skating Rink Inc. v. Barnes ex rel. Barnes,* 988 So. 2d 367, 368 (¶10) (Miss. 2008).

¶8. When reviewing a motion for a new trial, the evidence must be viewed in the light most favorable to the verdict. *Gill v. State,* 126 So. 3d 128, 133 (¶13) (Miss. Ct. App. 2013). "A motion for a new trial is a challenge to the weight of the evidence. A reversal is

warranted only if the trial court abused its discretion in denying [the] motion[.]" *Campbell v. State,* 125 So. 3d 46, 54-55 (¶23) (Miss. 2013).

¶9. Body argues that the firearm was not in his actual, physical possession at the time of his arrest. Body also asserts that although proximity is essential to establishing constructive possession, it is not enough to prove that the gun was within his dominion and control.

¶10. Mississippi Code Annotated section 97-37-5 (Supp. 2013) provides:

> It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm or any bowie knife, dirk knife, butcher knife, switchblade knife, metallic knuckles, blackjack, or any muffler or silencer for any firearm unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section."

¶11. The State has the burden to prove that the defendant was a convicted felon and willfully possessed a firearm. *See Edwards v. State,* 966 So. 2d 837, 839 (¶8) (Miss. Ct. App. 2007).

¶12. Possession can be actual or constructive. *Evans v. State,* 802 So. 2d 137, 141 (¶12) (Miss. Ct. App. 2000). "Constructive possession allows the prosecution to establish possession of contraband when the evidence of actual possession is absent. Constructive possession is established by evidence showing that the contraband was under the dominion and control of the defendant." *Johnson v. State,* 42 So. 3d 53, 56 (¶11) (Miss. Ct. App. 2010). At trial, it was established that Body had constructive possession of the gun found in the backpack. Investigator Williams testified that he saw the backpack in close proximity to Body, or within arm's length. Investigator Williams also testified that he found a gun inside

4

the backpack found near Body.

¶13.    Body did not testify in his defense.  Evans testified that he was with Body, and they were chased by the police.  While running, at some point Evans and Body separated.  Evans admitted to not being with Body when he was arrested.  Evans also stated that he did not see Body with a gun during the time he was with Body.

¶14.    It is a widely accepted concept that "it is the role of the jury to evaluate the veracity of the witnesses." *Campbell,* 125 So. 3d at 55 (¶24).  A jury has discretion to find a witness's testimony credible.  *Evans,* 802 So. 2d at 142 (¶13).  Here, the jury found Investigator Williams to be the more credible witness and returned a verdict of guilty.  Accordingly, the trial court did not abuse its discretion when it denied the motion for a new trial.  Accordingly, this issue is without merit.

### II.    Whether the trial court erred in denying the request for a peremptory instruction.

¶15.    In his second assignment of error, Body claims that the court erred in denying a request for a peremptory instruction.  However, other than the assignment of error, the issue was not discussed, nor has any authority been cited supporting Body's supposition.  Mississippi Rule of Appellate Procedure 28(a)(6) requires that the argument contain "the contentions of the appellant with respect to the issues presented, and the reasons for those contentions, with citations to the authorities, statutes, and parts of the record relied on."

¶16.    We have previously stated that "failure to cite any authority is a procedural bar, and a reviewing court is under no obligation to consider the assignment." *Norwood v. Miss. Dep't of Emp't Sec.,* 105 So. 3d 408, 410 (¶5) (Miss. Ct. App. 2012).  Further, the appellant must

5

support an assignment of error with legal authority. *Turner v. State,* 962 So. 2d 691, 697 (¶27) (Miss. Ct. App. 2007). Therefore, this issue is procedurally barred.

## CONCLUSION

¶17. Body had constructive possession of the gun because of its close proximity to him in the backpack. The gun was under Body's dominion and control; thus there was sufficient evidence to support the jury's verdict. The second issue raised is procedurally barred; therefore, we affirm the judgment of the trial court.

¶18. **THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF A FIREARM BY A CONVICTED FELON AND SENTENCE OF EIGHT YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO NEWTON COUNTY**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR.**