# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-KA-01047-COA

**JOSEPH KENYATTA DAVIS A/K/A JOSEPH DAVIS A/K/A JOSEPH K. DAVIS**   APPELLANT

**v.**

**STATE OF MISSISSIPPI**   APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 05/18/2015 |
| TRIAL JUDGE: | HON. JOHN HUEY EMFINGER |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH |
| DISTRICT ATTORNEY: | MICHAEL GUEST |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | CONVICTED OF FELON IN POSSESSION OF A FIREARM, AND SENTENCED TO TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS SUSPENDED, AND FIVE YEARS OF SUPERVISED PROBATION |
| DISPOSITION: | AFFIRMED: 08/16/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., CARLTON AND FAIR, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     Joseph Kenyatta Davis was found guilty of being a felon in possession of a firearm. The Rankin County Circuit Court sentenced him to serve ten years in the custody of the Mississippi Department of Corrections, with two years suspended, and five years of supervised probation.   Davis appeals, arguing that: (1) the verdict is contrary to the

overwhelming weight of the evidence; and (2) his sentence is illegal. Finding no error, we affirm.

**FACTS**

¶2. On November 8, 2012, Officer Jimmy Hall was driving east on Lakeland Drive in Flowood, Mississippi, when he saw a blue Chevrolet Tahoe pulled up beside him at a traffic light. Officer Hall noticed the Tahoe had a "hanging" right side mirror and tinted windows. He also noticed that the vehicle looked like it had been repainted. Officer Hall called in the Tahoe and discovered the vehicle was registered to someone named "Gordy," who had a felony warrant. In addition, the vehicle was registered as a white Tahoe. He immediately sent out a call for other officers to be on the lookout for the Tahoe.

¶3. Officer Joey Hall was sitting on Lakeland Drive when he heard the call about the Tahoe. Not long after the call, the Tahoe passed him, and he began to follow it. While trailing the vehicle, he saw it cross three lanes in heavy traffic. So he pulled over the Tahoe at the intersection of Lakeland Drive and Layfair Drive, and other officers, including Jimmy Hall and Matthew McCain, soon arrived on scene. Three persons were in the vehicle. The driver, later identified as Dana Owens, had no identification. Officer McCain identified the backseat passenger of the vehicle as Jesse Terry, and Officer Jimmy Hall identified Davis, who was sitting in the front passenger seat.

¶4. Officer Jimmy Hall and Officer McCain noticed the smell of burnt marijuana, so they detained the vehicle occupants and searched the vehicle. They found a burning marijuana

2

blunt in the ashtray in the front dashboard, and a small bag of marijuana on the backseat floorboard. They also recovered a Taurus 9-millimeter handgun in the glove box in front of Davis. A Springfield .45 caliber gun and a Hi-Point 9-millimeter were found under the cup holders in the space between the two front seats. When the officers ran a check on the guns, the Hi-Point came back as stolen.

¶5.     During the officers' search of the vehicle, Davis and Terry were placed in the back of a police car, where the in-car audio device recorded their conversation. On the recording, Davis said that Owens would "hold up for a charge," which Officer McCain testified meant she would take the criminal charges. Davis also said that the guns were not "hot," meaning they were not stolen. During the officers' search of the vehicle, Davis said "leave my truck alone." Officer McCain testified at trial that he was familiar with Davis's voice and that it was Davis speaking on the recording.

¶6.     An analyst from the Mississippi Crime Lab testified that Davis's thumb print was found on the magazine of the Springfield gun. The State also introduced a certified Order of Conviction showing that Davis was a convicted felon.

**DISCUSSION**

**1. Whether the verdict is against the overwhelming weight of the evidence.**

¶7.     Davis first argues that the verdict is against the overwhelming weight of the evidence. A challenge to the weight of the evidence will be successful only when the verdict "is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction

3

an unconscionable injustice." *Bush v. State*, 895 So. 2d 836, 844 (¶18) (Miss. 2005). "[T]he evidence must be viewed in the light most favorable to the verdict[.]" *Jenkins v. State*, 131 So. 3d 544, 551 (¶23) (Miss. 2013).

¶8.     A new trial based on the weight of the evidence should be granted "only in exceptional cases in which the evidence preponderates heavily against the verdict." *Bush*, 895 So. 2d at 844 (¶18) (citation omitted). And because the trial judge had a firsthand view of the trial, "reversal is warranted only if the trial court abused its discretion in denying [the] motion for a new trial." *Waits v. State*, 119 So. 3d 1024, 1028 (¶13) (Miss. 2013).

¶9.     To establish a felon in possession of a firearm, "[t]he State has the burden to prove that the defendant was a convicted felon and willfully possessed a firearm." *Body v. State*, 147 So. 3d 890, 892 (¶11) (Miss. Ct. App. 2014) (citation omitted). "Possession can be actual or constructive." *Id*. at (¶12). Because Davis did not actually have any of the guns on his person, the State proceeded on the theory of constructive possession. "Constructive possession allows the prosecution to establish possession of contraband when evidence of actual possession is absent. Constructive possession is established by evidence showing that the contraband was under the dominion and control of the defendant." *Roberson v. State*, 595 So. 2d 1310, 1319 (Miss. 1992) (citing *Vickery v. State*, 535 So. 2d 1371, 1379 (Miss. 1988)). "[T]here must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular [contraband] and was intentionally and consciously in possession of it." *Glidden v. State*, 74 So. 3d 342, 345-46 (¶12) (Miss. 2011)

4

(citations omitted).

¶10. There was ample evidence presented to the jury to show Davis constructively possessed at least one of the guns. All three guns were in close proximity to him. His thumb print was found on the Springfield .45 caliber next to his seat. Further, the audio recording indicated that Davis owned the vehicle and that he had knowledge of the contraband. Viewed in the light most favorable to the verdict, the evidence was sufficient to allow the jury to find that Davis constructively possessed a firearm. Thus, we cannot find that the verdict is against the overwhelming weight of the evidence.

## 2. Whether Davis's sentence is illegal.

¶11. Davis also claims that, as a convicted felon, the circuit court was not allowed to suspend his sentence or place him on probation. He further claims that his sentence exceeds the maximum ten-year sentence allowed for possession of a firearm by a felon. *See* Miss. Code Ann. § 97-37-5(2) (Rev. 2014).

¶12. Davis was sentenced to ten years, with eight years to serve, two years suspended, and five years supervised probation. In 2014, the Legislature amended the statute and removed the portion that prohibited a convicted felon from being placed on probation. *See* Miss. Code Ann. 47-7-33 (1) (Rev. 2015). Davis was sentenced post-amendment on May 18, 2015. Thus, the trial court was within its discretion to suspend a portion of Davis's sentence and impose probation.

¶13. Furthermore, the fact that Davis's probation causes his sentence to exceed the ten-year

5

maximum does not make his sentence illegal. "Probation is not subject to the totality of sentence concept found in" Mississippi's post-release supervision statute. *Dawkins v. State*, 75 So. 3d 582, 585-86 (¶9) (Miss. Ct. App. 2011) (quoting *Jones v. State*, 805 So. 2d 610, 612 (¶7) (Miss. Ct. App. 2002)). "No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." Miss. Code Ann. § 47-7-37(7) (Rev. 2015). Because the five-year-probation period is not part of Davis's actual prison sentence, his sentence is lawful. *See Jones*, 805 So. 2d at 612 (¶6)

**CONCLUSION**

¶14.    We find that the verdict is not against the overwhelming weight of the evidence and that Davis's sentence is not illegal. Thus, we affirm the circuit court's judgment.

¶15.    **THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT OF CONVICTION OF FELON IN POSSESSION OF A FIREARM AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS SUSPENDED, AND FIVE YEARS OF SUPERVISED PROBATION, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

    **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR.**

6