# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01202-COA

JAMES CLARENCE MCGLOTHIN A/K/A JAMES MCGLOTHIN A/K/A JAMES C. MCGLOTHIN                                                      APPELLANT

v.

STATE OF MISSISSIPPI                                                      APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 08/03/2016 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT, SECOND JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: ERIN ELIZABETH BRIGGS |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | REVERSED AND RENDERED: 08/22/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE GRIFFIS, P.J., WILSON AND WESTBROOKS, JJ.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     James Clarence McGlothin was convicted of unlawful possession of a firearm by a convicted felon, in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2014). Finding reversible error, we reverse and render the conviction.

FACTS AND PROCEDURAL HISTORY

¶2.     In May 2014, McGlothin was under surveillance by the Coastal Narcotics Enforcement Team. McGlothin met with a criminal informant. Thereafter, a search warrant was issued for the home where the meeting took place. Upon execution of the warrant,

members of the narcotics team entered the home and found no one there.

¶3. Inside they found that the home contained two bedrooms. There was women's clothing in one bedroom. In the other bedroom, the agents found a man's wallet on a dresser. The wallet contained McGlothin's identification card, social-security card, bank card, and several casino player's cards. There were receipts in McGlothin's name inside a dresser drawer. They also found a loaded Titan .25 semiautomatic handgun inside the pocket of a man's jacket that was hanging inside the closet.

¶4. During the search, a woman arrived at the home. She identified herself as the homeowner and McGlothin's grandmother. She informed the agents that her granddaughter, McGlothin's sister, lived in the home. The woman contacted McGlothin via cell phone and placed him on the line with an agent. McGlothin informed the agent that he would arrive at the home within ten to fifteen minutes, but he did not.

¶5. A warrant was issued for McGlothin's arrest. He was arrested three months later.

¶6. The handgun found in the home was examined and tested at a forensics lab. It was determined that the firearm worked properly. No fingerprints were taken from the weapon.

¶7. A grand jury indicted McGlothin, as a habitual offender, for the unlawful possession of a firearm by a convicted felony. The jury returned a guilty verdict. McGlothin was sentenced to serve ten years in the custody of the Mississippi Department of Corrections (MDOC), as a habitual offender pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2015).

¶8. McGlothin filed a motion for a new trial or, in the alternative, a judgment

notwithstanding the verdict. He asserted that the circuit judge should have granted his motion for a directed verdict or peremptory jury instruction D-1, because the State had failed to prove his guilt beyond a reasonable doubt. The circuit judge denied the motion. McGlothin appeals.

## STANDARD OF REVIEW

¶9. In a challenge to the sufficiency of the evidence presented at trial, the Mississippi Supreme Court has held:

> [I]n considering whether the evidence is sufficient to sustain a conviction in the face of a motion . . . for judgment notwithstanding the verdict, the critical inquiry is whether the evidence shows beyond a reasonable doubt that [the] accused committed the act charged, and that he did so under such circumstances that every element of the offense existed; and where the evidence fails to meet this test it is insufficient to support a conviction.

*Bush v. State*, 895 So. 2d 836, 843 (¶16) (Miss. 2005) (quoting *Carr v. State*, 208 So. 2d 886, 889 (Miss. 1968)) (internal quotation marks omitted). When analyzing the sufficiency of evidence, "the relevant question is whether after viewing the evidence in the light most favorable to the [State], any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (citing *Jackson v. Virginia*, 443 U.S. 307, 315 (1979)).

## ANALYSIS

¶10. This court has held "to establish a felon in possession of a firearm, '[t]he State has the burden to prove that the defendant was a convicted felon and willfully possessed a firearm.'" *Davis v. State*, 199 So. 3d 701, 703 (¶9) (Miss. Ct. App. 2016) (citation omitted). The State offered evidence that McGlothin had two prior felony convictions. In 2006, he was

3

convicted of possession of a controlled substance with intent, and in 2009, he was convicted of possession of a controlled substance. Both offenses were felonies. McGlothin does not challenge his status as a convicted felon.

¶11. Instead, in this appeal, McGlothin argues that the State failed to prove that he possessed a firearm. He claims that the State did not prove: (1) he was in proximity to the firearm; (2) there was evidence that connected him to the firearm; and (3) the firearm was located on premises that were exclusively under his control.

¶12. "It is undisputed that [McGlothin] was not actually in possession of the [firearm]." *Peden v. State*, 132 So. 3d 631, 633 (¶3) (Miss. Ct. App. 2014). "Therefore, in order to sustain the conviction, the State was required to prove that [he] constructively possessed the [weapon]." *Id.* "Constructive possession allows the prosecution to establish possession of contraband when evidence of actual possession is absent." *Davis,* 199 So. 3d at 703 (¶9) (citation omitted).

¶13. "[T]here must be sufficient facts to warrant a finding that the defendant was aware of the presence and character of the particular [contraband] and was intentionally and consciously in possession of it." *Id.* at 704 (¶9).

> I.  *Dominion or Control*

¶14. "Constructive possession may be shown by establishing that the [item] involved was subject to [McGlothin's] dominion or control." *Id.* (citation omitted). During the trial, a special agent testified that the home's owner was unknown prior to the execution of the search warrant. The agent also testified that McGlothin's grandmother came to the home

4

while the officers were searching the premises. She indicated that she owned the home and that her granddaughter lived there.

¶15. "The owner of the premises where the contraband is found is rebuttably presumed to be in possession of the contraband." *Gavin v. State*, 785 So. 2d 1088, 1093 (¶17) (Miss. Ct. App. 2001). In *Evans v. State*, 802 So. 2d 137, 142 (¶13) (Miss. Ct. App. 2001), this Court found that the presumption was rebutted against the homeowner because the defendant and the homeowner had equal access to the firearms located in a closet. There was evidence that established the firearms were kept in the same closet as the defendant's clothes, the defendant stayed in the home overnight, and the defendant had handled the guns on several occasions. *Id.* at 141 (¶¶12-13). This was ruled to establish constructive possession of the firearms by the defendant. *Id.*

¶16. In this appeal, the State argues that McGlothin's wallet and the receipts in the drawer were sufficient evidence to prove that McGlothin lived in the home. None of these documents listed McGlothin's address as 514 Jefferson Street, which was the address of this home. Instead, the identification card and a receipt from the circuit clerk's office listed McGlothin's home address as 258 Magnolia Street in Biloxi, Mississippi. We find that this evidence offered against McGlothin is distinguishable from *Evans*. There was no testimony that McGlothin lived or stayed overnight in the home, that the clothes in the closet belonged to him, or that he had handled the firearm in the past. There was also no testimony that McGlothin's fingerprints were found on the gun.

¶17. In *Gavin,* 785 So. 2d at 1091 (¶¶2-3), a search warrant was issued after a criminal

informant was sent to meet with the defendant. After a search, officers located several weapons, and the defendant was charged with multiple counts of possession of a weapon by a convicted felon. *Id.* at (¶¶2-3). On appeal, there was evidence that the defendant handled one of the guns at an earlier time, but no other evidence connected him to the weapon. *Id.* at 1094 (¶21). This Court held that "being in a closed area such as a vehicle or a room with contraband does not by itself permit the inference of dominion and control. If the accused is the owner of the premises, or if he is the exclusive user for some extended period of time, or if there are additional incriminating circumstances, then the inferences might be permissible." *Id.* In that case, the State failed to prove that the defendant was "intentionally and consciously in possession of the weapon on the day charged." *Id.* at (¶20) (citation omitted). In *Gavin*, we found insufficient evidence to support the conviction, and this Court reversed on the issue.

¶18. Here, the State asserts that McGlothin was observed standing on the home's front porch six days before the warrant was executed. This fact alone does not indicate that McGlothin had dominion or control over the residence, any particular room in the home, or even the jacket where the gun was found. There was no testimony that he owned the home or resided there. The State offered no evidence to establish when the firearm was placed in the pocket of the jacket or any evidence that McGlothin had ever worn the jacket. Finally, the state could not connect the firearm to McGlothin through fingerprints. There was simply no competent evidence offered to establish that McGlothin had dominion or control over the residence.

*II.    Proximity*

¶19.    "Proximity to [the contraband] is a factor, but is not determinative." *Affleck v. State*, 210 So. 3d 1067, 1080-81 (¶46) (Miss. Ct. App. 2015) (citation omitted).  In *Affleck*, police arrived at an apparent crime scene and found the defendant standing near the shed where a shotgun was found.  *Id.*  The defendant was suspected of killing his girlfriend, and police noticed blood in various locations of his property, including on the outside of the shed.  Despite proof that the defendant had multiple roommates, this Court found that he failed to rebut the presumption that he constructively possessed the shotgun.  *Id.* at 1081 (¶47).

¶20.    In *Peden,* 132 So. 3d at 634 (¶¶5-6), this Court found sufficient evidence to convict the defendant of constructive possession because he was found lying in bed, within arm's reach of a bag of crack cocaine.  In *Body v. State*, 147 So. 3d 890 (Miss. Ct. App. 2014), evidence established that the defendant had constructive possession of a gun that was found inside of a backpack.  *Id.* at 893 (¶12).  The backpack had been abandoned behind shrubbery, but an officer identified it as the same bag that the defendant was wearing when he was spotted running away from the scene of a shooting.  *Id.* at (¶13).  This Court found that "[the defendant] had constructive possession of the gun because of its close proximity to him in the backpack."  *Id.* at (¶17).

¶21.    In each of these cases, this Court found constructive possession of contraband after each defendant was found in close proximity to the item.  Constructive possession was also established through other circumstances that connected them to the contraband.  While McGlothin was observed standing on the home's porch six days before the firearm was

found, this alone is not enough to establish constructive possession. There is no evidence to indicate when the gun was placed in the home. There was also no testimony confirming who had access to the home. McGlothin was not observed wearing the jacket where the gun had been located. The State produced no evidence indicating that he either owned the jacket or had accessed the jacket before the search warrant was executed.

¶22. In cases where the defendant is not the owner of the premises or in exclusive possession, then the State must prove some "competent evidence connecting him with the contraband." *Id.* (citation omitted). Here, that has not been done. In *Naylor v. State*, 730 So. 2d 561, 566 (¶32) (Miss. 1998), this Court reversed and rendered after it found that the "only evidence linking [the defendant] to the cocaine [was] that he was in close proximity to the drugs when it was found in the bathroom." While the defendant was at the home, the State did not prove that he lived in the home. *Id.* This Court noted that the only other evidence admitted against the defendant was that his wallet was found in a closet where police also found firearms. *Id.* In that case, we found that the evidence was insufficient to prove that the defendant possessed cocaine. *Id.*

¶23. "On review, all reasonable inferences are given in the light most favorably to the verdict." *Gavin,* 785 So. 2d at 1094 (¶24) (citation omitted). The State presented a theory that McGlothin lived in the home where the gun was located. The theory was based on the fact that his wallet and identification were found on a dresser in a room that contained men's clothing. The State further based its theory on the fact that McGlothin was observed standing on the home's porch just days before the search warrant was executed. "The theory may be

correct, but there was not any additional incriminating evidence beyond [the] presence [of McGlothin's identification in a room] to support constructive possession of . . . the weapon[ ]." *Id.*

¶24. This Court has previously found that the mere fact that a defendant may have once handled a weapon "does not permit an inference of dominion and control on the day covered by the indictment." *Id.* Here, there was no evidence to establish that McGlothin had ever handled the firearm or that he had knowledge of its existence. We find insufficient evidence to support the conviction. We reverse and render McGlothin's conviction of unlawful possession of a firearm by a felon, in violation of section 97-37-5.

¶25. **REVERSED AND RENDERED.**

**LEE, C.J., IRVING, P.J., BARNES, ISHEE, FAIR, WILSON AND WESTBROOKS, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY GREENLEE, J.**

**CARLTON, J., DISSENTING:**

¶26. Because I would affirm the trial court's judgment, I respectfully dissent from the majority's opinion.

¶27. "In a circumstantial[-]evidence case, 'the test to be applied in considering the sufficiency of proof is whether a rational fact[-]finder might reasonably conclude that the evidence excludes every reasonable hypothesis inconsistent with guilt of the crime charged.'" *Harris v. State*, 908 So. 2d 868, 871 (¶9) (Miss. Ct. App. 2005) (quoting *Shields v. State*, 702 So. 2d 380, 382 (Miss. 1997)). When reviewing a challenge to the sufficiency of the evidence in a criminal case, the State receives the benefit of all favorable inferences that may

reasonably be drawn from the evidence. *Wilson v. State*, 936 So. 2d 357, 363 (¶16) (Miss. 2006). In a case based entirely upon circumstantial evidence, "[a] mere fanciful or farfetched or unreasonable hypothesis of innocence is not sufficient to require an acquittal[.]" *Cotton v. State*, 144 So. 3d 137, 140 (¶3) (Miss. 2014) (quoting *Montgomery v. State*, 515 So. 2d 845, 848 (Miss. 1987)).

¶28. Precedent establishes that this Court will only reverse if the trial court abused its discretion in denying a motion for a new trial. *Howell v. State*, 860 So. 2d 704, 764 (¶212) (Miss. 2003). Moreover, "[t]he power to grant a new trial, on the basis of the weight of the evidence, should be invoked only in exceptional circumstances, when the evidence weighs heavily against the jury's verdict." *Wilson*, 936 So. 2d at 363 (¶16).

¶29. Precedent further establishes that "[a]n item is within one's constructive possession when it is subject to his dominion or control." *Keys v. State*, 478 So. 2d 266, 268 (Miss. 1985). Also, "[c]onstructive possession may be established by direct evidence or circumstantial evidence." *Id.* In the present case, the record reflects sufficient circumstantial evidence, and favorable inferences to be objectively drawn therefrom, to support the jury's verdict and from which the jury could find that McGlothin, a felon, exercised possession, dominion, and control over the loaded semiautomatic firearm in the room that the jury could conclude he inhabited. Therefore, I dissent from the majority's opinion.

**GREENLEE, J., JOINS THIS OPINION.**

10