# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-KA-00442-COA

JACKIE WAYNE WEAVER II A/K/A JACKIE WEAVER                    APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF JUDGMENT:            03/29/2018
TRIAL JUDGE:                 HON. CHARLES E. WEBSTER
COURT FROM WHICH APPEALED:   QUITMAN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      OFFICE OF STATE PUBLIC DEFENDER
                             BY: ERIN ELIZABETH BRIGGS
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: LAURA HOGAN TEDDER
DISTRICT ATTORNEY:           BRENDA FAY MITCHELL
NATURE OF THE CASE:          CRIMINAL - FELONY
DISPOSITION:                 AFFIRMED - 10/01/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

## BEFORE CARLTON, P.J., WESTBROOKS AND C. WILSON, JJ.

## WESTBROOKS, J., FOR THE COURT:

¶1. Jackie Wayne Weaver was charged with burglary of a dwelling in violation of Mississippi Code Annotated section 97-17-23 (Rev. 2014) and possession of a firearm by a convicted felon in violation of Mississippi Code Annotated section 97-37-5 (Rev. 2014) in the Circuit Court of Quitman County. Following a trial, the jury returned guilty verdicts on both counts. Weaver was sentenced to fifteen years in the custody of the Mississippi Department of Corrections, with five years suspended and ten years to serve, followed by five years of postrelease supervision for burglary of a dwelling. Weaver was sentenced to

five years in the custody of the Mississippi Department of Corrections for possession of a firearm by a convicted felon. The trial court ordered these sentences to run consecutively. Weaver filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial, which the trial court denied. Aggrieved, Weaver appeals. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     Detective Daryl Linzy with the Quitman County Sheriff's Office responded to a call from Mr. Bryan Sbaravati about suspicious activity. Specifically, Bryan reported a white Chrysler Sebring driving suspiciously up and down Sbaravati road. While investigating the call regarding the Chrysler Sebring, Detective Linzy received information about a possible burglary that had occurred a few miles from where the Sebring was found. Detective Linzy and Captain Ashley Pratcher located the Chrysler Sebring on Sbaravati road and Highway 322 west. Detective Linzy and other officers also noticed a white Ford Explorer at the scene when they arrived. Jackie Weaver was found on the ground in front of the Sebring. Cameron Roberson was found standing between the Sebring and Explorer. Casey Hamilton was found sitting in the driver's seat of the Explorer.

¶3.     A shotgun and ammunition were found on the front seat of the Chrysler Sebring driven by Weaver. Detective Linzy and other officers conducted a search of the area and found additional firearms in the grass next to the Sebring. Shortly thereafter, the burglary victim, Tonia Denney, arrived at the scene and identified some of the guns recovered as those taken from her home. Other items—including a shotgun, a blue Kodak Easy Share Camera,

2

a Remington short-action magazine, a RCA MP3 player, a Big River game call, a Wii controller, a Presario Compaq laptop, a Nintendo 2DS, a Nintendo 3DS, twenty Nintendo games, and ammunition—were found inside of the Chrysler Sebring. Denney also identified those items as those missing from her home. The police then detained Weaver, Hamilton, and Roberson.

¶4. At trial, Roberson testified that Weaver talked with him about "hitting a lick" and stealing things from Denney's home. Roberson stated Weaver came up with the idea to rob Ms. Denny's house. Roberson further stated Weaver picked him up and drove the Chrysler Sebring to Ms. Denney's house, wherein he grabbed several guns and electronics after gaining entrance of the house through a sliding door, which was closed but not locked. Roberson placed the stolen items in the Chrysler Sebring Weaver was driving. Roberson stated that Weaver drove the Chrysler Sebring from Ms. Denney's house and set up a meeting with Hamilton to sell the stolen items.

¶5. Roberson and Weaver took a road back to Roberson's house and waited for Hamilton to arrive. But Roberson stated that they did not have time to sell the guns because, once the officers arrived, he threw the guns in the bushes. The police detained all of the individuals at the scene and later arrested them.

¶6. Following the jury trial in the Quitman County Circuit Court, Weaver was convicted of burglary of a dwelling and possession of a firearm by a convicted felon. Weaver was sentenced to fifteen years, with five years suspended and ten years to serve, followed by five years of postrelease supervision for the burglary conviction. Weaver was also sentenced to

five years for the possession of a firearm by a convicted felon conviction, and these sentences were to run consecutively.

¶7. Weaver filed a JNOV motion or, in the alternative, for a new trial, which the trial court denied. Weaver appeals.

## STANDARD OF REVIEW

¶8. "Th[e reviewing] Court applies a de novo standard of review to a trial court's denial of a judgment notwithstanding the verdict." *Daniels v. State*, 107 So. 3d 961, 963 (¶10) (Miss. 2013). "A motion for [a] JNOV is a challenge to the legal sufficiency of the evidence, and this Court will affirm the denial of a motion for [a] JNOV if there is substantial evidence to support the verdict." *Id*.

¶9. Conversely, "[a] motion for a new trial falls within a [different] standard of review than . . . that of a [JNOV] or a directed verdict. *Id*. at 963 (¶12). "A motion for a new trial simply challenges the weight of the evidence." *Id*. The reviewing court "will reverse the [trial-level] court's denial of a motion for a new trial only if, by doing so, the court abused its discretion." *Id*.

## DISCUSSION

*Whether the trial court erred in allowing the State to present a theory of constructive possession of the gun without the jury receiving instructions on constructive possession.*

¶10. Weaver was charged with possession of a firearm by a felon. But Weaver asserts that the jury never received any instructions on constructive possession because a firearm was never found in his actual possession. As a result, Weaver maintains that this Court should

reverse and remand for a new trial to properly instruct the jury.

¶11.   "To establish a felon in possession of a firearm, the State has the burden to prove that the defendant was a convicted felon and willfully possessed a firearm." *McGlothin v. State*, 238 So. 3d 1, 3 (¶10) (Miss. Ct. App. 2017) (internal quotation marks omitted). "Possession can be actual or constructive." *Davis v. State*, 199 So. 3d 701, 703 (¶9) (Miss. Ct. App. 2016). "Constructive possession allows the prosecution to establish possession of contraband when evidence of actual possession is absent." *McGlothin*, 238 So. 3d at 3 (¶12).

¶12.   "[W]hen contraband is found [in a vehicle that is] not owned by a defendant, mere physical proximity to the contraband does not, in itself, show constructive possession[.]" *Haynes v. State*, 250 So. 3d 1241, 1245 (¶8) (Miss. 2018) (citing *Ferrell v. State*, 649 So. 2d 831, 834 (Miss. 1995)). "The State is required to establish additional incriminating circumstances in order to prove constructive possession." *Id*.

¶13.   The following exchange took place during the selection of jury instructions:

| THE COURT: | All right.  S-3 will be given.  All right.  I've got - - well, I've got S-5 now.  Any objection to S-5? |
|---|---|
| MR. SHAH: | Yes, sir.  We would object to S-5. |
| THE COURT: | And the basis for the objection? |
| MR. SHAH: | Your Honor, it doesn't - - the proof in this particular case doesn't show that Mr. Weaver was in possession of any of the items stolen. |
| THE COURT: | Is that the only objection? |
| MR. SHAH: | Yes, sir. |
| THE COURT: | I'm gonna overrule that objection.  I'm gonna give the |

5

instruction. I think a reasonable inference could be made that he, along with Roberson, were in possession of those - - at least constructive - - (inaudible) - -

. . . .

THE COURT: I said I think the evidence could be reasonably inferred - - based on the evidence, could be reasonably inferred that at one point and time, he was in at least constructive possession if not actual possession of some of the items.

¶14. Jury Instruction S-5, which was court instruction C-12, reads as follows:

The Court instructs the jury that the possession of property recently stolen is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt of burglary.

¶15. Roberson testified that it was Weaver's idea to burglarize someone's home and sell the stolen items. Weaver set up the meeting and waited for the buyers to meet them to purchase the guns. The Mississippi Supreme Court has held that "[t]here must be sufficient facts to warrant a finding that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it." *Hamm v. State*, 735 So. 2d 1025, 1028 (¶11) (Miss. 1999); *see also McGlothin*, 238 So. 3d at 3-4 (¶13). The facts establish that Weaver was aware of the property, was consciously in possession of the property, and asserted control over the property as evidenced by his attempt to sell the property.

¶16. In *Hicks v. State*, 580 So. 2d 1302, 1306 (Miss. 1991), the defendant "requested through his proposed instructions that the jury be instructed that in order to find him guilty, the State must prove that he had dominion and control over the cocaine sufficient to establish a possessory interest." The Mississippi Supreme Court found that "[s]uch instructions would

6

only be appropriate if there were no evidence establishing actual possession of the contraband. *Id*. Witness testimony is sufficient evidence for a finding of actual possession.

¶17. In *Short v. State*, 929 So. 2d 420, 427 (¶22) (Miss. Ct. App. 2006), this Court stated: "As recognized by the trial court, there was sufficient evidence of at least three bases for the finding that Short possessed the handgun. Firstly, a reasonable jury could have found actual possession from Jones' testimony . . . ." Further, this Court has held: "Under Mississippi law, possession of recently stolen property is a circumstance which may be considered by the jury and from which, in the absence of a reasonable explanation, the jury may infer guilt." *Goldsmith v. State*, 195 So. 3d 207, 213 (¶25) (Miss. Ct. App. 2016) (internal quotation and citation omitted). Roberson testified he tossed the guns into the vehicle Weaver was driving, and further, Roberson stated he observed Weaver handle the guns after they were taken from Ms. Denney's residence. Roberson's testimony putting Weaver in actual possession is sufficient.

¶18. "The general rule is that all instructions must be supported by the evidence." *Hicks*, 580 So. 2d at 1306. Here, we find that there was sufficient evidence to warrant a finding that Weaver was aware of the presence of the guns and was intentionally in possession of them.

¶19. Accordingly, we find no error in the denial of Weaver's JNOV motion or, in the alternative, for a new trial.

¶20. **AFFIRMED.**

**CARLTON, P.J., GREENLEE, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR. BARNES, C.J., AND J. WILSON, P.J., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.**

7