# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01339-COA

**JAMES ROBINSON A/K/A JAMES D. ROBINSON A/K/A JAMES DEE ROBINSON**          **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 07/16/2019 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | LAFAYETTE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JAMES ROBINSON (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: BILLY L. GORE |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 09/22/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WILSON, P.J., FOR THE COURT:**

¶1. James Robinson pled guilty to burglary of a dwelling. He later filed a motion for post-conviction relief (PCR) in which he alleged that he was wrongfully convicted, that his sentence exceeded the maximum allowed by law, that newly discovered evidence proved his innocence, that his right to due process had been violated, and that he received ineffective assistance of counsel. The circuit court denied Robinson's motion. Robinson appealed and raises the same issues on appeal. We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2. Robinson pled guilty in the Lafayette County Circuit Court to burglary of a dwelling.

At his plea hearing, the circuit judge informed Robinson of the constitutional rights that he would waive by pleading guilty and the minimum and maximum sentences for burglary of a dwelling. Robinson said that he understood the consequences of his plea. He affirmed that his plea was voluntary and that he had not been promised anything in exchange for pleading guilty. Robinson said that he was satisfied with his counsel's representation.

¶3. The circuit judge advised Robinson that his indictment alleged that on February 18, 2017, Robinson "unlawfully, willfully, feloniously [broke into and entered] the dwelling of Rosalyn Penamon located at 1711 Burney Branch, Lafayette County, Mississippi with the intent to commit a crime once there in that dwelling. That crime being assault on the occupants of the dwelling." The judge asked Robinson if he understood that he was pleading guilty to that crime and if he had committed the crime as alleged in the indictment. Robinson answered in the affirmative. The judge then accepted Robinson's plea and sentenced him to twenty-five years in the custody of the Department of Corrections, with fifteen years suspended and ten years to serve, and five years of supervised probation.

¶4. Robinson later filed a PCR motion. He claimed that he was wrongfully convicted because the dwelling in question was his own residence.[1] He claimed that he had new

---

[1] The record contains little information about Robinson's crime beyond his admission that he broke into and entered Penamon's home with the intent to commit an assault. Robinson alleges that he lived at the home with Penamon and her two children. According to Robinson, Penamon's mother owned the home. Robinson states that officers with the Oxford Police Department had ordered him to leave the home multiple times under threat of arrest, but he claims that Penamon allowed him to return after each such incident. Robinson states that on February 17, 2017, Penamon told him to leave the home, or else she would call the police again. Robinson admits that he returned to the home at 1:00 a.m. on February 18 and saw a car that did not belong to Penamon in the driveway. He admits that he then re-entered the home uninvited and found Penamon in bed with another man.

2

evidence to prove this fact, and he alleged that his due process rights were violated because he was not allowed to present that evidence. He also argued that this sentence was illegal because it exceeded the maximum sentence allowed by statute. Finally, Robinson claimed that he had received ineffective assistance of counsel because his appointed attorney did not investigate his claims that he lived in the residence he allegedly burglarized. The circuit judge summarily denied Robinson's PCR motion. Robinson then appealed.

## ANALYSIS

¶5. The circuit court should summarily deny a PCR motion if it is apparent from the face of the motion, exhibits, and prior proceedings that the movant is not entitled to relief. *See* Miss. Code Ann. § 99-39-11(2) (Rev. 2015). "Dismissal is proper where the petitioner can prove no set of facts in support of his claim that would entitle him to relief." *Worth v. State*, 223 So. 3d 844, 849 (¶15) (Miss. Ct. App. 2017). On appeal, we review issues of law de novo and review the circuit court's findings of fact for clear error. *Id.*

**I.      Robinson waived his challenges to the sufficiency of the evidence against him by pleading guilty.**

¶6. Robinson claims that he could not be guilty of burglary of a dwelling because the dwelling at issue was his own residence. He claims to have "newly discovered evidence" consisting of check stubs and W-2 forms showing that the dwelling was his residence. In addition, he argues that other evidence could have been presented to the court to prove this. He also argues that he should have received an evidentiary hearing, as this would have shown that the residence he allegedly burglarized was his own.

¶7. However, Robinson's guilty plea waived any opportunity to challenge the evidence

3

against him. It is well-settled that "[a] guilty plea operates to waive the defendant's . . . right that the prosecution prove each element of the offense beyond a reasonable doubt." *Jefferson v. State*, 556 So. 2d 1016, 1019 (Miss. 1989). Thus, when Robinson pled guilty and admitted that he had broken into the dwelling at issue with the intent to commit an assault therein, he waived the right to hold the State to its proof.

¶8. In addition, Robinson's "newly discovered evidence" claim fails because such a claim requires evidence that "could not have been discovered before [Robinson pled guilty] by the exercise of due diligence." *Brewer v. State*, 819 So. 2d 1169, 1172 (¶10) (Miss. 2002) (quoting *Ormond v. State*, 599 So. 2d 951, 962 (Miss. 1992)); *accord, e.g.*, *Parker v. State*, 71 So. 3d 620, 625 (¶16) (Miss. Ct. App. 2011); *Penny v. State*, 23 So. 3d 517, 521 (¶9) (Miss. Ct. App. 2009); *Austin v. State*, 971 So. 2d 1286, 1288-89 (¶¶10-12) (Miss. Ct. App. 2008). The evidence on which Robinson relies—a W-2 form and check stubs that allegedly show that he resided at the dwelling in question—was available when Robinson pled guilty. Therefore, Robinson's newly-discovered-evidence claim fails as a matter of law.

¶9. Finally, Robinson's claim that he should have received an "evidentiary hearing" on this issue prior to his guilty plea is also waived. "A valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial, including a preliminary hearing." *Partain v. State*, 78 So. 3d 350, 354 (¶16) (Miss. Ct. App. 2011); *accord, e.g.*, *Reeves v. State*, 256 So. 3d 632, 635 (¶10) (Miss. Ct. App. 2018), *cert. denied*, 256 So. 3d 592 (Miss. 2018).

## II. Robinson's sentence does not exceed the statutory maximum.

¶10. Robinson asserts that his sentence exceeds the maximum sentence for burglary of a dwelling because the judge sentenced him to five years of post-release supervision in addition to a twenty-five year sentence in the custody of the Department of Corrections.

¶11. Initially, we note that Robinson has misunderstood the precise nature of his sentence. During Robinson's sentencing hearing, the judge did state that Robinson would be placed on "post-release supervision." However, the court's sentencing order makes clear that Robinson was placed on "supervised probation" pursuant to Mississippi Code Annotated sections 47-7-33 and 47-7-37 (Rev. 2015). The language of the written sentencing order is controlling. *Long v. State*, 982 So. 2d 1042, 1044 (¶10) (Miss. Ct. App. 2008); *see also Miller v. State*, 875 So. 2d 194, 199 (¶10) (Miss. 2004) ("Supervised probation and post-release supervision are totally different statutory creatures.").

¶12. The maximum sentence for burglary of a dwelling is twenty-five years. Miss. Code Ann. § 97-17-23(1). Robinson was sentenced to twenty-five years in the custody of the Department of Corrections, with fifteen years suspended and ten years to serve, and five years of supervised probation. Robinson argues that the addition of supervised probation extends his sentence beyond the statutory maximum. However, "[n]o part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve." Miss. Code Ann. § 47-7-37(7); *see Davis v. State*, 199 So. 3d 701, 704 (¶13) (Miss. Ct. App. 2016). "Because the five-year-probation period is not part of [Robinson's] actual prison sentence, his sentence is lawful." *Davis*, 199 So. 3d at 704 (¶13).

### III. Robinson waived his ineffective assistance of counsel claim by pleading guilty.

¶13.    Robinson argues that his attorney provided ineffective assistance by failing to investigate his claim that he was a resident of the home he ultimately pled guilty to burglarizing.  However, "[a] voluntary guilty plea waives claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea."  *Worth*, 223 So. 3d at 849 (¶17) (quoting *Thomas v. State*, 159 So. 3d 1212, 1215 (¶10) (Miss. Ct. App. 2015)).  Therefore, the defendant "must demonstrate that his counsel's conduct proximately resulted in the guilty plea, and that but for counsel's error, he would not have entered the plea."  *Fortenberry v. State*, 151 So. 3d 222, 225 (¶11) (Miss. Ct. App. 2014) (quotation marks omitted).

¶14.    Robinson stated under oath at his plea hearing that he was satisfied with his attorney's performance.  "A defendant's declarations during the plea colloquy . . . carry a strong presumption of verity."  *Pierce v. State*, 115 So. 3d 869, 873 (¶12) (Miss. Ct. App. 2013) (quotation marks omitted).  Moreover, Robinson has presented no evidence to support his claim other than his bare allegation that his attorney failed to investigate his case.  In essence, Robinson's ineffective assistance claim is simply a restatement of his challenge to the sufficiency of the evidence, which he waived by pleading guilty.  Robinson has produced no evidence of ineffective assistance by his lawyer that would undermine the voluntariness or validity of his guilty plea.  Accordingly, this issue is without merit.

## CONCLUSION

¶15.    We find no error in the circuit court's summary denial of Robinson's PCR motion.

¶16.    **AFFIRMED.**

6

**BARNES, C.J., CARLTON, P.J., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND McCARTY, JJ., CONCUR.**