CARLTON, J.,
 

 for the Court:
 

 ¶ 1. On April 29, 2008, Leon Felix Jr. pleaded guilty in the Circuit Court of Warren County to the statutory rape of a twelve-year-old girl. Felix was sentenced to ten years in the custody of the Mississippi Department of Corrections. Due to his age and the wishes of the victim’s family, the circuit court reluctantly suspended all ten years of the sentence and placed Felix on three years’ supervised probation. The sentence was pronounced on May 30, 2008. ' Four days later, Felix was arrested for cocaine possession. After a hearing, the circuit court revoked the suspended sentence and ordered Felix serve eight years, with five years’ post-release supervision to follow. On April 12, 2010, Felix filed a motion for post-conviction relief (PCR), seeking to set aside the revocation of his suspended sentence. The circuit court found the PCR motion without merit and dismissed it without a hearing. Felix appeals from that judgment.
 

 STANDARD OF REVIEW
 

 ¶ 2. A circuit court may summarily dismiss a PCR motion “[i]f it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.” Miss.Code Ann. § 99-39-11(2) (Supp.2010). “On appeal, this Court will affirm the summary dismissal of a PCR [motion] if the [movant] has failed to demonstrate a claim procedurally alive substantially showing the denial of a state or federal right.”
 
 Robinson v. State,
 
 19 So.3d 140, 142 (¶ 6) (Miss.Ct.App.2009) (citation and quotations omitted). We review the dismissal of a PCR motion for an abuse of discretion, and we will not disturb the trial court’s factual findings unless they are shown to be clearly erroneous.
 
 Burrough v. State,
 
 9 So.3d 368, 371 (¶ 6) (Miss.2009);
 
 Williams v. State,
 
 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004). On the other hand, we will reverse and remand for a hearing if the movant has “alleged facts which require further inquiry in the expanded setting of an evidentiary hearing.”
 
 Mitchener v. State,
 
 964 So.2d 1188, 1192-93 (¶ 10) (Miss.Ct.App.2007) (quoting
 
 Jones v. State,
 
 949 So.2d 872, 873 (¶3) (Miss.Ct.App.2007)).
 

 
 *1196
 
 DISCUSSION
 

 1. Due Process; Preliminary Revocation Hearing
 

 ¶ 3. Felix’s first contention is that the circuit court denied him due process because it did not conduct a preliminary hearing prior to the final revocation hearing.
 

 ¶ 4. The Mississippi Supreme Court has recently addressed and rejected a similar claim in
 
 Presley v. State,
 
 48 So.3d 526, 529 (¶ 11) (Miss.2010). Like the appellant in
 
 Presley,
 
 Felix is correct that the trial court should have given him a preliminary hearing after his initial detention or secured an express waiver. There is no evidence in the record that such a hearing was conducted. Nonetheless, Felix is not entitled to have his revocation set aside.
 

 ¶ 5. First, Felix failed to raise the issue of a preliminary hearing at his final revocation hearing. Instead, when the circuit court asked, Felix stated he was ready to proceed with the hearing. “[A] defendant is procedurally barred from arguing that he was denied the right to a preliminary hearing where the defendant failed to raise the issue at his formal revocation hearing.”
 
 Id.
 
 at 528 (¶ 9).
 

 ¶ 6. Notwithstanding the procedural bar, Felix’s claims are also without merit. The preliminary hearing should have been held shortly after the arrest to determine whether confinement should continue.
 
 Id.
 
 at 529 (¶ 13). The issue at the hearing would have been whether probable cause exists to believe that a violation has been committed.
 
 Id.
 
 at (¶ 11). Thus, where a final revocation hearing had been held and the probation revoked, with all due process otherwise afforded, the failure to grant a preliminary hearing is subject to a harmless-error analysis.
 
 Id.
 
 at 529-30 (¶ 13). To succeed, Felix must show prejudice from the failure to conduct a preliminary hearing. That prejudice must “extend[] beyond the issue of the State’s right to continue his confinement in the interim.”
 
 Id.
 
 at 530 (¶ 13). Felix has not attempted to make such a showing in this case, and on our review of the record, we can find no resulting prejudice. Thus, the error is harmless, and we will not set aside Felix’s revocation. In addition being procedurally barred, this issue is also without merit.
 

 2. Revocation
 

 ¶ 7. Felix also attacks the circuit court’s decision to revoke his probation. He contends that there was insufficient evidence to support the revocation and that he was never informed of the terms and conditions of his probation.
 

 ¶ 8. Felix first points out he was not convicted of the cocaine-possession charge; it appears to have been remanded to the file after his probation was revoked. However, conviction is not required for revocation of probation. Revocation requires only a showing that the defendant “more likely than not” violated the terms of probation.
 
 Metcalf v. State,
 
 904 So.2d 1222, 1225 (¶ 10) (Miss.Ct.App.2004).
 

 ¶ 9. Felix next contends that there was insufficient evidence to support the revocation. We find this assertion meritless. Officer Dave McCloud of the Vicksburg Police Department testified at the hearing. He stated that during a traffic stop, he found a bag containing what was later determined to be 0.2 gram of cocaine on the ground near Felix’s car door. Felix subsequently admitted to the officer that he had thrown the bag from the vehicle, claiming that it had been given to him by a
 
 *1197
 
 passenger.
 
 [1]
 
 In his testimony, Felix never directly addressed whether he had possessed cocaine. Instead, Felix stated— apparently offering this in mitigation— that he was addicted to marijuana and that his judgment had been impaired by its use.
 

 ¶ 10. Felix’s final argument concerns the short period of time (four days) between his sentencing and his arrest for the violation of his probation. Felix points out that his probation officer admitted that she had not spoken with him to explain the probation conditions. Felix testified that he had attempted to comply with the court’s instruction at the sentencing that he should meet with the probation officer immediately, but the line had been too long to do so before the probation office closed.
 

 ¶ 11. Felix is correct that a defendant must be informed of the terms of a suspended sentence before it can be revoked.
 
 Artis v. State,
 
 643 So.2d 533, 538 (Miss.1994). However, we find Felix’s case distinguishable for two reasons. First, Felix was instructed to report to his probation officer. Having failed to do so, he cannot now complain that he did not know the terms of his probation. Second, during the sentencing hearing, the circuit judge warned Felix that his suspended sentence would be revoked if he used marijuana or any other illegal drug. While Felix’s suspended sentence was revoked for the possession of cocaine rather than its use per se, Felix can hardly claim to have not known that revocation would result from cocaine possession. In fact, Officer McCloud testified that during the traffic stop, Felix appeared to be very nervous and repeatedly muttered, “I can’t go back to jail.”
 

 ¶ 12. We find no error in the circuit court’s revocation of Felix’s suspended sentence. This issue is without merit.
 

 1113. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT. RUSSELL, J., NOT PARTICIPATING.
 

 [1]
 

 . The passenger fled after the drugs were found. Officer McCloud was alone and could not pursue the passenger, so the man escaped. Felix stated that he knew the man only as "D.P.,” and the authorities had been unable to locate him.