JAMES, J.,
for the Court:
¶ 1. Robert Chad Lewis was convicted by a jury in the Circuit Court.of Hinds County of two counts of armed robbery and a third count for possession of a firearm by a convicted felon. Lewis now appeals, citing the following errors: (1) the evidence was insufficient to support his conviction, and (2) the imposition of separate sentences under Mississippi Code Annotated sections 97-37-37(2) (Supp.2012) and 97-37-5 (Supp.2012) constituted a dou *1094 ble-jeopardy violation. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 2. Around midnight on July 2, 2010, Willie Weekly and Beverly Edwards were robbed at gunpoint while standing in the parking lot of Club Elite in Jackson, Mississippi. According to Weekly and Edwards, two men riding in a dark-colored sedan exited the vehicle, held guns to Weekly’s and Edwards’s heads, and ordered them to hand over their personal belongings. One of the men ordered Weekly to remove and hand over his pants while the other man grabbed Edwards’s purse. Edwards’s purse contained a cell phone, a credit card, about $400 in cash, and a straight razor. Before driving off with the items, one of the men handed Edwards her cell phone. After the two men fled the scene, Edwards used her cell phone to call the police.
¶ 3. When the police arrived at the scene, Edwards and Weekly gave descriptions of the robbers and the vehicle. Using the information obtained, the Jackson Police Department issued a “be on the lookout” advisory (BOLO) for the robbers and the vehicle. Shortly after the BOLO was issued, Officer Michael Moore began patrolling the area, looking for a vehicle that matched the description in the BOLO. A dark-colored Toyota Camry was pulled over by Officer Moore for a traffic violation. Noticing that the vehicle matched the description in the BOLO, Officer Moore called for backup because he was advised that the occupants of the vehicle could be armed and dangerous. Once backup arrived, Officer Moore ordered the occupants to exit the vehicle. The two men in the vehicle, one of whom was Lewis, matched the description of the robbers in the BOLO. Lewis was the driver of the vehicle. While performing a protective sweep of the vehicle, Officer Moore found a Glock handgun under the driver’s seat that matched the description in the BOLO. The two men were then apprehended and taken into custody. A straight razor was also later discovered inside the vehicle during an inventory search.
¶4. At the police station, Weekly and Edwards were questioned separately about the incident. During questioning, in separate rooms, both Weekly and Edwards were presented with a photo array of possible suspects. A picture of Lewis was included in the photo array. Both Weekly and Edwards identified Lewis as one of the robbers.
¶ 5. On October 7, 2010, Lewis was indicted on two counts of armed robbery and one count of possession of a firearm by a convicted felon.[1] A jury trial was held on March 28, 2011. The jury found Lewis guilty on all three counts, and sentenced Lewis to serve a term of thirty years for each count of armed robbery, to run concurrently in the custody of the Mississippi Department of Corrections. Lewis was also sentenced to ten years for possession of a firearm by a convicted felon, plus given a ten-year enhancement for use or display of a firearm during the commission of a felony, with the enhancement to run consecutively to all three counts.
¶ 6. On May 18, 2011, Lewis filed a motion for a judgment notwithstanding the verdict, or, in the alternative, a new trial, *1095 challenging the sufficiency and weight of the evidence. The circuit court’s denial of that motion led to this appeal.
DISCUSSION
I. Sufficiency of the Evidence
¶ 7. Lewis contends that the evidence was insufficient to support a conviction of armed robbery and possession of a firearm by a convicted felon. In determining whether the evidence presented by the State was sufficient to support a conviction, “the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (quoting Jackson v. Virginia, 443 U.S. 307, 315, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)).

a. Motion for Directed Verdict

¶ 8. In its brief, the State argues that Lewis waived the appeal of his motion for a directed verdict made at the close of the State’s case-in-chief when he subsequently introduced evidence on his own behalf. “When a defendant proceeds with his case after the State rests and the court overrules the defendant’s motion for a directed verdict, the defendant waives the appeal of the directed verdict.” Foster v. State, 928 So.2d 873, 879 (¶ 8) (Miss.Ct.App.2005) (citing Holland v. State, 656 So.2d 1192, 1197 (Miss.1995)). “[AJn appellant may preserve this issue if he renews his motion for a directed verdict at the conclusion of all the evidence.” Id. at 879 (¶ 9) (citing Davis v. State, 866 So.2d 1107, 1112 (¶ 19) (Miss.Ct.App.2003)). At the close of the State’s case-in-chief, Lewis moved for a directed verdict, arguing the evidence was insufficient to prove that Lewis was one of the robbers. The motion was overruled, and Lewis proceeded to introduce evidence on his own behalf. Lewis renewed his motion at the conclusion of all evidence. Thus, we find that Lewis preserved the issue of insufficiency of the evidence with regard to Lewis being identified as one of the robbers.

b. Armed Robbery

¶9. In order to establish that Lewis committed armed robbery, the State was required to prove the following elements beyond a reasonable doubt: (1) a felonious taking or attempt to take (2) “from the person or from the presence” (3) the personal property of another (4) against his will (5) “by violence to his person or by putting” him “in fear of immediate injury to his person by the exhibition of a deadly weapon.” Miss.Code Ann. § 97-3-79 (Rev.2006). Lewis contends that because no fingerprints or DNA tests were conducted on any of the items retrieved from the vehicle, and because the State did not establish that Lewis had actual or constructive possession of the handgun found in the vehicle, the State failed to meet its burden. This argument fails for a number of reasons. First, considering the testimony and evidence presented during trial, a DNA test was not warranted. The Mississippi Supreme Court has held that, in criminal matters, a DNA test is not required absent a showing that it would significantly aid the defense. Rubenstein v. State, 941 So.2d 735, 781 (¶202) (Miss.2006). In this ease, Lewis has failed to show how a DNA analysis would aid his defense in any way. During trial, when the State presented Edwards with the straight razor that was retrieved from the vehicle driven by Lewis, Edwards identified it as the same straight razor that she had in her purse on the night of the robbery.
¶ 10. Second, both Edwards and Weekly identified Lewis as one of the two *1096 men who robbed them on July 2, 2010. Factors used to assess the credibility of a witness’s in-court identification include:
(1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witnesses] degree of attention; (3) the accuracy of the witnesses] prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation.
Bogan v. State, 754 So.2d 1289, 1292 (¶ 11) (Miss.Ct.App.2000) (quoting Neil v. Biggers, 409 U.S. 188, 199-200, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972)). According to Edwards, she and Weekly got a good look at both of the robbers during the armed robbery. In addition to the in-court identifications, on the night of the robbery, both Edwards and Weekly identified Lewis from a photo array as one of the robbers.
¶ 11. Both of the victims made positive in-court identifications, to which Lewis did not object either during or post-trial. Also, the straight razor retrieved from Lewis’s vehicle was identified by Edwards as the same one inside her purse before it was taken from her at gunpoint. In light of these facts, we find that the evidence was sufficient to establish the elements of armed robbery beyond a reasonable doubt.
c. Possession of a Firearm
 ¶ 12. Lewis also argues that the State failed to prove that he had actual or physical possession of the handgun found in his vehicle. This argument is procedurally barred because it was not substantively raised before the trial court, and is raised for the first time on appeal. Terry v. State, 26 So.3d 378, 380-81 (¶8) (Miss.Ct.App.2009) (citing Jackson v. State, 856 So.2d 412, 415 (¶ 12) (Miss.Ct.App.2003)). However, notwithstanding the procedural bar, we find that the State met its burden of proving each of the elements of the charge beyond a reasonable doubt. The instruction given to the jury covering “possession” reads:
The term “[pjossession” as used in other instructions of the Court in this ease means actual, physical possession of a tangible item, but it also means ... knowingly exereisfing] dominion and control over a tangible item while aware of the presence and character of the particular item and [being] consciously and intentionally in possession, although not actual physical possession.
¶ 13. “Constructive possession may be shown by establishing that the [item] involved was subject to [the defendant’s] dominion or control.” Davis v. State, 817 So.2d 593, 596 (¶9) (Miss.Ct.App.2002) (quoting Curry v. State, 249 So.2d 414, 416 (Miss.1971)). The handgun, discovered by Officer Moore during a protective sweep of the vehicle, was found under the driver’s seat. Because Lewis was the driver of the vehicle, the handgun was subject to his dominion and control, even though it was not discovered in his actual physical possession. This issue is without merit.
II. Double Jeopardy
¶ 14. Next, Lewis argues that the imposition of separate sentences under Mississippi Code Annotated sections 97-37-5 and 97-37-37(2) violated his double-jeopardy protection against multiple punishments for the same offense. We disagree. Section 97-37-5(1) prohibits any person who has been previously convicted of a felony from possessing a firearm. Section 97-37-37(2) reads:
Except to the extent that a greater minimum sentence is otherwise provided by any other provision of law, any convicted felon who uses or displays a firearm during the commission of any felony *1097 shall, in addition to the punishment provided for such felony, be sentenced to an additional term of imprisonment in the custody of the Department of Corrections of ten (10) years, to run consecutively, not concurrently, which sentence shall not be reduced or suspended.
¶ 15. This Court has held that sentence-enhancement statutes under which additional terms of imprisonment are imposed do not trigger double-jeopardy violations. Mayers v. State, 42 So.3d 33, 45 (¶ 50) (Miss.Ct.App.2010). The rationale is that sentence enhancements do “not set out separate elements of the underlying felony.” Id. Section 97-37-37(2) merely imposes an elevated sentence for use or display of a firearm during the commission of a felony, and it does not delineate an independent substantive offense. This assignment of error is without merit.
¶ 16. For the reasons stated above, we affirm the convictions and sentences on all three counts.
¶ 17. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT OF CONVICTION OF COUNTS I AND II, ARMED ROBBERY, AND SENTENCE OF THIRTY YEARS FOR EACH COUNT, AND COUNT III, POSSESSION OF A FIREARM BY A CONVICTED FELON, AND SENTENCE OF TEN YEARS, AND TEN YEARS AS AN ENHANCEMENT FOR THE USE OR DISPLAY OF A FIREARM IN THE COMMISSION OF A FELONY, WITH THE SENTENCES IN COUNTS I, II, AND III TO RUN CONCURRENTLY TO EACH OTHER AND CONSECUTIVELY TO THE TEN-YEAR ENHANCEMENT, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND FAIR, JJ., CONCUR. MAXWELL, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.

. On May 6, 2009, Lewis was indicted for possession of cocaine and was placed on probation. He was charged with violating his probation on June 2, 2010, which included possession of marijuana and possession of a firearm by a previously convicted felon. The type of handgun was the same caliber handgun used in the instant armed robberies. For that violation, Lewis was, again, placed on probation.