# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00664-COA

**TOMMIE GONZALEZ JORDAN A/K/A**                      **APPELLANT**
**TOMMIE JORDAN A/K/A TOMMIE G. JORDAN**
**A/K/A TOMMIE GONZALES JORDAN**

**v.**

**STATE OF MISSISSIPPI**                                   **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 04/21/2017 |
| TRIAL JUDGE: | HON. JAMES LAMAR ROBERTS JR. |
| COURT FROM WHICH APPEALED: | MONROE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | TOMMIE GONZALEZ JORDAN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 08/14/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE GRIFFIS, P.J., BARNES AND GREENLEE, JJ.

### BARNES, J., FOR THE COURT:

¶1. On September 16, 2008, Tommie Jordan pleaded guilty to burglary of a dwelling. The Monroe County Circuit Court sentenced him to twenty-five years, with five years to be served in the custody of the Mississippi Department of Corrections (MDOC), twenty years suspended, and five years of post-release supervision (PRS). He was also ordered to pay fines and restitution and to complete an adult basic-education program to obtain a general education degree (GED).

¶2. After Jordan violated several PRS conditions, the State filed a petition to revoke his PRS and impose Jordan's suspended sentence. A revocation hearing was held on February

28, 2011. Jordan was cited for the following violations: failure to report to his probation officer, possession of cocaine and paraphernalia, operation of a vehicle under the influence, operation of a vehicle with no drivers license, disorderly conduct, failure to comply, failure to use a turn signal, delinquency of fines, and the failure to obtain his GED. The trial court accepted the State's recommendation that Jordan be placed in MDOC custody for twenty years, but upon successful completion of a long-term drug and alcohol rehabilitation program, the remainder of Jordan's sentence would be suspended and he would be placed on five years of PRS.

¶3.    Jordan completed his rehabilitation program and was again released to PRS, but he was later jailed for failure to pay court costs, fees, and restitution. Jordan also failed a drug test and did not notify his probation officer as to a change in residence. After a hearing on October 15, 2014, the trial court again revoked Jordan's sentence and, based on the State's recommendation, ordered Jordan to be placed in a technical violation center for ninety days. After serving the ninety days, the remainder of Jordan's sentence was to be suspended, and he was to serve five years of PRS.

¶4.    When Jordan failed to report to his probation officer on several occasions, failed to register as a sex offender, and was arrested and charged with breaking and entering a dwelling and strong-arm robbery, the State filed a third petition for revocation. After a revocation hearing on October 16, 2016, the court revoked his suspended sentence and ordered Jordan to serve the remainder of his sentence (nineteen years) in MDOC custody.

¶5.    On January 20, 2017, Jordan filed a motion for post-conviction relief (PCR), claiming

the trial court erred in revoking his sentence because it was only his second technical violation; therefore, he argued he should have been sentenced to no more than 120 days in a technical violation center. *See* Miss. Code Ann. § 47-7-37(5)(a) (Rev. 2015). The trial court denied the motion, holding that the court "had authority to impose any and all of the sentence since it found that [Jordan] had committed a felony[.]" Jordan appeals the court's decision.

¶6. We find no merit to Jordan's claim and affirm the judgment.

## STANDARD OF REVIEW

¶7. In reviewing the denial of a PCR motion by a trial court, we "will only disturb the trial court's factual findings if they are clearly erroneous." *Kennedy v. State*, 179 So. 3d 82, 83 (¶5) (Miss. Ct. App. 2015) (citing *Doss v. State*, 19 So. 3d 690, 694 (¶5) (Miss. 2009)). "Matters of law, however, are reviewed de novo." *Id*.

## DISCUSSION

¶8. Jordan argues that the trial court's revocation of his sentence was erroneous for two reasons. First, he contends that this was only his second technical violation; therefore, the court should have imposed a sentence of 120 days in a technical violation center. Section 47-7-37(5)(a) provides in part:

> If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one hundred twenty (120) days for the second technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days *or the court may impose the remainder of the suspended portion of the sentence*.

3

(Emphasis added). As the State observes, however, the record clearly shows that this was Jordan's third revocation hearing, each of which involved multiple technical violations. In response, Jordan claims in his reply brief that he should only have been sentenced to 180 days. We find the statute clearly affords the trial court discretion to impose the remainder of a defendant's suspended sentence upon a finding that a probationer has committed a third or subsequent technical violation. *See Walker v. State*, 230 So. 3d 703, 706 (¶13) (Miss. 2017). Therefore, this argument is without merit.

¶9. Jordan also contends that the two 2016 felony charges for burglary and strong-arm robbery were dismissed before his revocation hearing; therefore, there was no third violation, and the court had no basis for revocation. We find no evidence in the record that these charges were dismissed. Also, at the October 16, 2016 revocation hearing, the State explicitly informed the trial court that it intended to pursue the charges before a grand jury.

¶10. Moreover, Mississippi Code Annotated section 47-7-37.1 (Rev. 2015) states that "if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence." At the revocation hearing, a police officer testified that Jordan's neighbor called to report a break-in and robbery, and she identified Jordan, who was spotted a block away by police. When asked to stop, Jordan fled from the officers. The Mississippi Supreme Court has held: "A probationer does not have to be convicted of a crime to be in violation of his probation but, rather, probation may be revoked when it is more likely than not that a violation occurred." *McCalpin v. State*, 166 So. 3d 24, 26-27 (¶7)

4

(Miss. 2013).

¶11. Finding the trial court did not err in denying Jordan's PCR motion, we affirm the judgment.

¶12. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, FAIR, WILSON, GREENLEE, WESTBROOKS AND TINDELL, JJ., CONCUR.**