# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-KA-01378-COA

**SHAMOR BILLUPS A/K/A SHAMOR L. BILLUPS A/K/A SHAMAR BILLUPS**                                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 08/22/2016 |
| TRIAL JUDGE: | HON. JAMES T. KITCHENS JR. |
| COURT FROM WHICH APPEALED: | LOWNDES COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | OFFICE OF STATE PUBLIC DEFENDER BY: GEORGE T. HOLMES |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| DISTRICT ATTORNEY: | SCOTT WINSTON COLOM |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED: 09/18/2018 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., WILSON AND TINDELL, JJ.**

**TINDELL, J., FOR THE COURT**:

¶1.     A Lowndes County grand jury indicted Shamor Billups for Count I, felony shoplifting, and Count II, unlawful possession of a firearm by a convicted felon. *See* Miss. Code Ann. § 97-23-93 (Rev. 2014); Miss. Code Ann. § 97-37-5 (Rev. 2014). A jury acquitted Billups of Count I but convicted him of Count II. On August 22, 2016, the Lowndes County Circuit Court sentenced Billups as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2014) to ten years in the custody of the Mississippi Department of Corrections (MDOC). On August 29, 2016, Billups's attorney filed an unsuccessful motion for a new

trial or, in the alternative, a judgment notwithstanding the verdict. On appeal, Billups's initial brief focused on the sufficiency and weight of the evidence, and the actual or constructive element of his crime—possession of a firearm by a felon. A supplemental pro se brief includes a list of other unsupported claims or procedurally barred claims. Finding no error, we affirm Billups's conviction and sentence.

**FACTS**

¶2. On March 13, 2015, two men approached the gun counter of K and S Outdoors (K&S) in Columbus, Mississippi. One asked to look at a pistol, and the other asked to look at a long gun. The K&S clerk, Chad Fortner, handed one of the men a pistol and the other a Ruger-SR-762 rifle. Both men then attempted to run from the store with the firearms. The man with the rifle successfully fled. Fortner tackled and secured the other man before the man could exit K&S. The stolen rifle was a .308 caliber Ruger-SR-762 rifle with a collapsible stock and a twenty-round magazine that retailed for $1,699. K&S identified the gun by its serial number.

¶3. A video of the March 13, 2015 incident at K&S shows a man wearing a maroon Mississippi State hoodie, camouflage pants, and a toboggan at the K&S gun counter holding a rifle. The video shows that same man, in the same clothes, running out of K&S with a rifle. Chris Berry, a K&S customer, and its manager, Carey Chaffin, also witnessed the man run out the door of K&S carrying a rifle.

¶4. Shortly after the events at K&S, Investigator Timothy Jenkins with the Columbus Police Department recovered a maroon Mississippi State hoodie, camouflage pants, and a blue toboggan about a block and a half east of K&S. Investigator Jenkins also interviewed

2

the man who was earlier restrained while attempting to flee K&S.[1]

¶5.    The investigation led the Columbus police to 20th Street North. Approximately an hour and a half to two hours after the shoplifting incident at K&S, as Columbus police approached 1215 20th Street North, Billups came out of a shed at that address. Columbus police ordered Billups to the ground, and he complied. Investigator Jenkins learned the 1215 20th Street North property was owned by Billups's aunt, Connie Billups. Connie gave Jenkins consent to search her outbuildings. Officer Christopher Benton wore a body camera and participated in Investigator Jenkins's search of the shed Billups was seen leaving. A rifle was found upright in the front corner of the shed covered in a shirt. The shed was otherwise empty except for a bicycle and the stolen rifle. Police later identified the rifle by its serial number as the Ruger-SR-762 rifle taken earlier from K&S.

## STANDARD OF REVIEW

¶6.    Challenges to the sufficiency of the evidence require us to view the record evidence in a light most favorable to the State. The credible evidence consistent with Billups's guilt must be accepted as true. *McClain v. State*, 625 So. 2d 774, 778 (Miss. 1993). Additionally, all inferences that may be reasonably drawn from the credible evidence of guilt are considered in the light most favorable to the State. *Id*. We may reverse on appeal only if, with respect to one or more elements of the offense, the evidence viewed in this manner would not allow reasonable and fair-minded jurors to reach any decision other than acquittal.

¶7.    Challenges to the weight of the evidence require us to accept all the evidence

---

[1] The contents of this interview are not available, and the co-defendant was not called as a witness. However, based upon this interview, police began a search for Billups.

3

supporting the verdict as true. *Brown v. State*, 825 So. 2d 70, 76 (¶17) (Miss. Ct. App. 2002). Only when "the verdict is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice" will this Court reverse the verdict. *Collins v. State*, 757 So. 2d 335, 337 (¶5) (Miss. Ct. App. 2000).

## DISCUSSION

¶8. For a person to be convicted of unlawful possession of a firearm by a convicted felon, the State must prove: (1) the defendant was in possession of a firearm; and (2) the defendant had previously been convicted of a felony crime. *Gunn v. State*, 174 So. 3d 848, 866 (¶63) (Miss. Ct. App. 2014). Because Billups's attorney stipulated to Billups's status as a felon, we necessarily focus our review on the element of possession. The State must prove the defendant actually or constructively possessed a weapon. *Short v. State*, 929 So. 2d 420, 427 (¶21) (Miss. Ct. App. 2006). Constructive possession allows the State to establish possession when evidence of actual possession is absent. *Christian v. State*, 207 So. 3d 1207, 1218 (¶54) (Miss. 2016).

¶9. Without evidence of actual or exclusive possession by Billups, and without evidence that Billups is the owner of the premises, the "State must prove some competent evidence connecting [Billups] with the [firearm]." *Gavin v. State*, 785 So. 2d 1088, 1093 (¶17) (Miss. Ct. App. 2001) (quoting *Powell v. State*, 355 So. 2d 1378, 1379 (Miss. 1978)). Here, the State provided that competent evidence.

¶10. At trial, Investigator Jenkins testified that, based on his investigation, the police went to 20th Street North, which was thought to be the possible location of the man who stole the rifle from K&S. As police approached, and within less than two hours from the time of the

4

shoplifting, Billups exited the shed on the property at 1215 20th Street North. Investigator Jenkins testified that he and Officer Benton handcuffed Billups, and thereafter they found the K&S rifle inside the shed Billups exited.

¶11.    Thus, record evidence provided by Investigator Jenkins connects Billups to the firearm. Police saw Billups exit the shed in which, moments later, they found the K&S rifle. Further confirmation of this evidence comes from a police video of the interior of the shed. Police found the rifle propped up in the front corner of the nearly empty shed and only steps from the front door. After deliberation, the jury acquitted Billups of the shoplifting charge but found him guilty of the unlawful possession of a firearm by a felon.

¶12.    What constitutes a "sufficient external relationship between [Billups] and the [rifle] to complete the concept of [constructive] possession is a question which is not susceptible of a specific rule." *Curry v. State*, 249 So. 2d 414, 416 (Miss. 1971) (internal quotation marks omitted). It must be kept in mind that, upon review, it is "[t]he proper function of the jury to decide the outcome in this type of case . . . ," not the court. *Brown v. State*, 825 So. 2d 70, 76 (¶17) (Miss. Ct. App. 2002) (quoting *Smothers v. State*, 756 So. 2d 779, 786 (¶21) (Miss. Ct. App. 1999)).

¶13.    Support for affirming the jury's verdict is found in *Peden v. State*, 132 So. 3d 631, 634 (¶¶5-6) (Miss. Ct. App. 2014). In *Peden*, this Court found sufficient evidence to convict the defendant of constructive possession because, while he was found in a motel room rented by another, Peden was within arm's reach of a bag of crack cocaine. *Id*. Further support is found in *Lewis v. State*, 112 So. 3d 1092, 1096 (¶13) (Miss. Ct. App. 2013). Lewis was found to have constructive possession of a handgun found under the driver's seat of the car

5

that Lewis was driving even though the gun was not in Lewis's actual physical possession. *Id*.

¶14. Viewing the evidence in the light most favorable to the State, our review of the evidence shows: Billups exited a shed; the shed was nearly empty; a rifle was just inside the shed's door; Billups was the only person in the shed; and Billups was within reach of the rifle. Thus, there was sufficient evidence to convict Billups of constructive possession of the rifle. We may reverse only if, with respect to one or more elements of the offense, the evidence viewed in the light most favorable to the State would not allow reasonable and fair-minded jurors to reach any decision other than to acquit. This evidence does not permit a reversal.

¶15. As to the weight of the evidence, we may only reverse and grant a new trial if the verdict is so contrary to the overwhelming weight of the evidence "that to affirm would be to ignore an unconscionable injustice." *Mosley v. State*, 930 So. 2d 459, 462 (¶11) (Miss. Ct. App. 2006). Addressing this assignment of error, the facts of the case reflect that the police observed Billups exiting a shed. Billups was the only person inside the shed in which little aside from an identifiable and recently-stolen long firearm was found. This firearm was found only steps from the door through which Billups exited in the plain view of police. A review of the evidence in this matter convinces us to affirm Billups's conviction and sentence.

¶16. Beyond his arguments regarding sufficiency and weight of the evidence, in a supplemental pro se brief, Billups adds to his counsel's claims of trial court error. He argues additionally that: (1) his indictment as a habitual offender along with the imposed sentence

6

enhancement together constitute double jeopardy; (2) the trial court's failure to give an advisory jury instruction on the separate theories of actual versus constructive possession violated his due process and equal protection rights; (3) he received ineffective assistance of counsel; (4) the State failed to prove he constructively possessed a firearm; (5) improper identification testimony violated his Confrontation Clause rights; and (6) the "[j]udge was in error on a matter presented to him on poss. of actual or constructive." These additional claims are procedurally barred or without merit.

¶17.    Two of Billups's additional claims concern the "possession" element of the crime of unlawful possession of a firearm by a convicted felon. He argues generally that the trial judge was in error on the issue of actual or constructive possession, and that the State failed to prove constructive possession. As to these claims, our opinion regarding the sufficiency and weight of the evidence thoroughly reflects no error in the trial court's handling of the proof presented to the jury on the element of possession.

¶18.    Billups argues that his indictment as a habitual offender along with the imposed sentence enhancement together constitute double jeopardy. Time and time again this Court and the Supreme Court have addressed this issue. Sentencing under Mississippi Code Annotated sections 97-37-5 and 97-37-37(2) present no double-jeopardy concern. *Taylor v. State*, 137 So. 3d 283, 288 (¶17) (Miss. 2014); *Lewis v. State*, 112 So. 3d 1092, 1097 (¶15) (Miss. Ct. App. 2013); *Mayers v. State*, 42 So. 3d 33, 45 (¶50) (Miss. Ct. App. 2010).

¶19.    Billups's claim that an advisory jury instruction on constructive possession was required is procedurally barred. The record shows that Billups failed to object to the instructions provided, and that Billups failed to offer to the trial court, for consideration, the

7

jury instruction he now requests in his appeal. As such, this issue is procedurally barred.

*Daniels v. State*, 9 So. 3d 1194, 1198 (¶4) (Miss. Ct. App. 2009). Under Mississippi Code

Annotated section 97-37-5, the State must prove that Billups was in possession of a firearm

and that he had previously been convicted of a felony crime. *Hartzog v. State*, 240 So. 3d

462, 466 (¶14) (Miss. Ct. App. 2017). The pertinent jury instruction given in Billups's trial

stated in relevant part:

> [I]f you find from the evidence in this case beyond a reasonable doubt that:
> 1.    the Defendant, Shamar Billups;
> 2.    did on or about March 13, 2015;
> 3.    unlawfully, willfully and feloniously;
> 4.    possess a firearm;
> 5.    and has been previously been convicted of a felony . . .
> then you shall find the Defendant guilty of Convicted Felon in Possession of
> a Firearm as charged in Count 2.

This reflects, as required, that the trial court fairly announced the law defining the crime of

unlawful possession of a firearm by a convicted felon. *Hartzog*, 240 So. 3d at 466 (¶14).

¶20.    Billups's ineffective assistance of counsel claim raised in this direct appeal is a claim

typically reserved for consideration via the appropriate postconviction proceedings. We will

address such a claim only when the record affirmatively shows ineffective assistance of

constitutional proportions, or when the parties stipulate that the record is adequate to allow

us to make an ineffective assistant of counsel finding. *Colenburg v. State,* 735 So. 2d 1099,

1101 (¶5) (Miss. Ct. App. 1999). Finding neither in the record, we decline to address this

claim on direct appeal.

¶21.    Billups lastly claims the Confrontation Clause was violated in two instances: (1)

when an officer testified that he spoke to a co-defendant and therefrom effected an

identification of Billups; and (2) when one of the officers assigned to investigate his case was

unable to appear at trial.[2] This issue is meritless and procedurally barred. Billups fails to point to any portion of the trial transcript where anyone testified to identifying Billups based upon the hearsay testimony of a co-defendant. He also fails to point to any portion of the trial transcript where any testimonial statements of the absent officer were offered into evidence, documentarily, orally, or otherwise. Further, Billups fails to cite any legal authority to show a Confrontation Clause violation. When an appellant fails to cite any legal authority or to offer any record evidence in support of a claim of error, the issue is procedurally barred, and this Court will not consider that issue on appeal. *Haskins v. State*, 159 So. 3d 1222, 1224 (¶8) (Miss. Ct. App. 2015).

## CONCLUSION

¶22. The jury's verdict of conviction of possession of a firearm by a felon and the trial court's sentence of ten years in the MDOC's custody are therefore affirmed.

¶23. **AFFIRMED.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**

---

[2] This officer, Corporal Chris Smith, was deployed to the Middle East during the time of Billups's trial.

9