# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2018-CP-00378-COA

**LARRY WOOTEN A/K/A LARRY C. WOOTEN**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/08/2018 |
| TRIAL JUDGE: | HON. WILLIAM E. CHAPMAN III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | LARRY WOOTEN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: SCOTT STUART |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/28/2019 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE CARLTON, P.J., LAWRENCE AND C. WILSON, JJ.

### LAWRENCE, J., FOR THE COURT:

¶1. On January 3, 2006, Larry Wooten pleaded guilty to possession of cocaine. The Rankin County Circuit Court sentenced Wooten to serve eight years in the custody of the Mississippi Department of Corrections (MDOC). The court ordered that after Wooten served three years with MDOC he would be placed on post-release supervision for three years. The circuit court revoked Wooten's post-release supervision after several separate violations and ordered him to serve the remainder of his sentence.

¶2. Twelve years later on January 30, 2018, Wooten filed a motion for post-conviction relief (PCR) and alleged that he was inappropriately sentenced as a result of his post-release supervision being revoked. The circuit court denied Wooten's motion. For the reasons

outlined below, we affirm the circuit court's judgment.

## FACTS

¶3. On February 10, 2005, Larry Wooten was charged by indictment with possession of cocaine — a Schedule II controlled substance — in violation of Mississippi Code Annotated section 41-29-139 (Supp. 2000). Almost a year later in January 2006, Wooten entered a plea of guilty. The circuit court sentenced Wooten to serve an eight-year term. Specifically, Wooten was to serve the first three years in the custody of MDOC, followed by a three-year period on post-release supervision.

¶4. Wooten first violated his post-release supervision on December 11, 2007, when he tested positive for marijuana. Again, on April 2, 2008, Wooten violated the terms and conditions of his post-release supervision by pleading guilty to driving under the influence (DUI), driving without a driver's license, and a seatbelt violation. As a result, on August 6, 2008, MDOC filed a petition for revocation, and on July 30, 2009, the circuit court revoked Wooten's suspended sentence. Wooten was ordered to serve the remainder of his sentence in the custody of MDOC. From September 2009 until July 2013, Wooten requested his sentencing order a total of six times. Each time, Wooten was provided with a copy of his sentencing order and a copy of the order of revocation.

¶5. Despite having his sentencing order, it was not until January 30, 2018, that Wooten, pro se, moved for PCR, alleging that he was "re-sentenced" by the trial court at his revocation hearing and that his original sentence was unsupported by statutory law. The

circuit court dismissed his motion and held that Wooten had failed to file his motion within the time prescribed by law and was not entitled to relief. As a result, Wooten filed his notice of appeal.[1]

## STANDARD OF REVIEW

¶6. In matters of post-conviction relief this Court's standard of review is clear. The denial of a PCR motion will not be reversed unless this Court finds that the trial court's decision was clearly erroneous. *Smith v. State*, 806 So. 2d 1148, 1150 (¶3) (Miss. Ct. App. 2002). We review questions of law de novo. *Hobson v. State*, 910 So. 2d 1139, 1140 (¶4) (Miss. Ct. App. 2005).

## ANALYSIS

¶7. Wooten argues on appeal that his claim is not time-barred. Specifically, Wooten claims his sentence was improperly revoked and that his sentence had expired by the time he was ordered to serve the remainder in the custody of MDOC. Additionally, Wooten asserts that the circuit court "re-sentenced" him during his revocation hearing and that his sentence was illegally increased from six years to eight. We first address the procedural bar.

[1] Wooten's notice of appeal is not timely under Rule 4 of the Mississippi Rules of Appellate Procedure, because it was filed more than thirty days after the circuit court's order of dismissal. Rule 2(a)(c) of those rules, however, allows for a suspension of the Rules of Appellate Procedure in the interest of expediting a decision or for good cause. Specifically, Rule 2(a)(c) provides that "the time for taking an appeal under Rules 4 or 5 may be extended in criminal and post-conviction cases, but not in civil cases." Wooten signed his notice of appeal within the thirty-day period provided for by Rule 4, but the appeal was not filed with the clerk until after the period expired. We find that to be good cause shown and suspend the rules to extend the time period.

¶8.   The circuit court found that Wooten's PCR motion was time-barred because it did not meet the three-year statutory requirements under Mississippi Code Annotated section 99-39-5(2) (Rev. 2015).  To be clear, Wooten's post-release supervision was revoked on July 30, 2009, and he moved for PCR on January 30, 2018.  Twelve years had lapsed between the initial judgment of conviction and his PCR motion.  In his brief, Wooten argues that the procedural bars do not apply because his sentence is not supported by a statute.  Alternatively, he claims the violation of his constitutional rights surpasses any procedural bars.

¶9.   A defendant who enters a plea of guilty has three years after the entry of the judgment of conviction to seek relief.  Miss. Code Ann. § 99-39-5(2).  There are, however, several exceptions available to a defendant who moves for relief after the three-year period.  *Id*. at § 99-39-5(2)(a)-(b).  The defendant carries the burden to "show he has met a statutory exception." *Campbell v. State*, 233 So. 3d 904, 906 (¶5) (Miss. Ct. App. 2017) (citing *White v. State*, 59 So. 3d 633, 635 (¶8) (Miss. Ct. App. 2011)).  The statute specifically cites six exceptions to the time-bar:

1.   An intervening decision from the Mississippi or United States Supreme Court that would adversely affect the outcome of the conviction or sentence;

2.   Newly discovered evidence not reasonably discoverable at trial that would likely have caused a different result;

3.   Biological evidence demonstrating that the movant would likely either not have been convicted or received a lesser sentence;

4

4.      The movant's sentence is expired;

5.      His parole, probation, or conditional release has been unlawfully revoked; or

6.      The motion is in a capital case and is filed no more than one year after conviction.

Miss. Code Ann. § 99-39-5(2). The supreme court has also carved out an exception to the time-bar for violations of a defendant's fundamental rights. *Rowland v. State*, 42 So. 3d 503, 507 (¶12) (Miss. 2010). "Errors affecting fundamental constitutional rights are excepted from the procedural bars." *Id*. As this Court has found in the past, "the mere suggestion of a constitutional-rights violation is not itself sufficient to surmount the time-bar." *Smith v. State*, 118 So. 3d 180, 183 (¶11) (Miss. Ct. App. 2013).

¶10.      Wooten was convicted on January 3, 2006. Wooten's post-release supervision was revoked on July 30, 2009. He moved for PCR on January 30, 2018—clearly more than three years after the date the court entered his judgment of conviction and after his sentence was revoked. Therefore, the circuit court correctly determined the claim was time-bared. Regardless, if any one exception applies, the time-bar is defeated.

¶11.      Wooten claims that his sentence was illegally revoked. Specifically, he claims that the circuit court merely adopted the recommendation of MDOC and failed to hold a proper revocation hearing. This, he argues, violates his rights to due process and equal protection under the law. Alternatively, he asserts that his sentence was expired and so the revocation of his post-release supervision was improper. Of these two, we first address his claims that

5

he was not afforded a proper revocation hearing.

¶12. The record indicates that there was a hearing on MDOC's motion for revocation. The defendant was present and the court considered the motion before it. At this hearing, the court found that Wooten had violated the terms and provision of his post-release supervision and granted MDOC's petition. "Revocation requires only a showing that the defendant 'more likely than not' violated the terms [of his post-release supervision.]" *Felix v. State*, 73 So. 3d 1194, 1196 (¶8) (Miss. Ct. App. 2011). The revocation order indicates that Wooten pleaded guilty to testing positive for marijuana and also to DUI, driving without a driver's license, and a seatbelt violation. As the order points out, these crimes are violations of the terms and conditions of Wooten's post-release supervision. His guilty plea to these offenses clearly met the standard outlined by this Court.

¶13. Wooten's alternative argument for exception to the time-bar is that his sentence had expired by the time his post-release supervision was revoked. Wooten argues that his sentence expired in April or May of 2010. These dates come from Wooten's belief he was sentenced to a "six-year split sentence." Respectfully, it is clear from the record that Wooten does not understand the contents of his sentencing order.

¶14. While on his three year post-release supervision, Wooten violated the terms of the circuit court's order on two separate occasions. MDOC, within the time period allotted, filed a motion for the circuit court to revoke Wooten's suspended five-year sentence. The circuit court agreed with MDOC's assessment. As a result, Wooten was ordered to serve his

remaining time.

¶15.    A circuit court has the authority to "continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction." Miss. Code Ann. § 47-7-37(5)(a) (Supp. 2018).  Simply put, it was within the circuit court's authority to order Wooten to serve the remainder of his original sentence after he violated the terms and conditions of his post-release supervision. Thus, this issue is without merit, and we find that the circuit court did not err.

¶16.    **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, McCARTY AND C. WILSON, JJ., CONCUR.**