# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00342-COA

**JONATHAN BLANKENSHIP**                              **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                  **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/11/2019 |
| TRIAL JUDGE: | HON. PAUL S. FUNDERBURK |
| COURT FROM WHICH APPEALED: | ALCORN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JONATHAN BLANKENSHIP (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JEFFREY A. KLINGFUSS |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/05/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

### BEFORE BARNES, C.J., TINDELL AND LAWRENCE, JJ.

### BARNES, C.J., FOR THE COURT:

¶1. After the Alcorn County Circuit Court revoked Jonathan Blankenship's post-release supervision for technical violations, he filed a motion for post-conviction relief (PCR), alleging that the revocation was unlawful and that he was subject to an illegal sentence. The court denied the motion on January 11, 2019. Blankenship appeals, claiming that (1) he was entitled to have the revocation hearing conducted in Alcorn County, not Lee County; and (2) the circuit court exceeded its authority under Mississippi Code Annotated section 47-7-37(5) (Rev. 2015) when it imposed the remainder of the suspended portion of his sentence. Finding no error, we affirm the court's denial of Blankenship's PCR motion.

### FACTS AND PROCEDURAL HISTORY

¶2. On September 14, 2005, Blankenship entered a guilty plea to attempted aggravated assault of a law enforcement officer in violation of Mississippi Code Annotated 97-3-7 (Supp. 2004). The Alcorn County Circuit Court sentenced Blankenship to serve twenty years in the custody of the Mississippi Department of Corrections (MDOC), with ten years of the sentence suspended with credit for time served, and ordered Blankenship to be placed on five years of post-release supervision following his release from custody.

¶3. The Alcorn County Circuit Court revoked Blankenship's probation on November 5, 2010, finding Blankenship had violated the terms of his probation based on the following:

> Being arrested and charged with Trespassing in Tishomingo County, Mississippi on September 27, 2010, and convicted of said crime on November 2, 2010. Defendant was with another convicted felon under supervision at the time this crime was committed. Further, while Defendant was incarcerated at the Tishomingo County Jail, he provided an electronic device to another inmate in violation of Mississippi Code Section 47-5-193, a felony crime, and was charged with said offense by the Tishomingo County Sheriff's Department.

The court reinstated Blankenship's suspended sentence, requiring him to serve ten years in the MDOC's custody, with five years of the sentence suspended, and ordering Blankenship to be placed on five years of post-release supervision.

¶4. On March 20, 2018, an MDOC probation officer filed an affidavit averring that Blankenship had violated the terms of his post-release supervision by (1) testing positive for methamphetamine on January 28, 2018; (2) being indicted in Tishomingo County for possession of methamphetamine; and (3) being arrested and charged with possession of a firearm by a felon.

¶5. A revocation hearing was held on April 26, 2018. At the hearing, Blankenship

2

admitted to the court that he had failed the drug test. MDOC Officer Jason Willis testified that Blankenship was indicted for possession of methamphetamine after being stopped by law enforcement; drugs and a gun were found in the car he was driving. It was also noted that Blankenship had been arrested and charged with possession of a firearm by a felon; he had not yet been indicted. Blankenship's girlfriend, Stevilea McCrary, testified that the methamphetamine was hers. McCrary was given her *Miranda* rights,[1] and she continued to aver that she had left the drugs in the car. Although she acknowledged that the drugs were found in Blankenship's pocket, she claimed that he only possessed them because he was trying to protect her as she had just been released from a drug-rehabilitation facility. The circuit court found McCrary's testimony was not credible. Finally, an affidavit by Blankenship's grandmother was admitted into evidence, in which she testified that she was the owner of the car and the gun. She claimed that when Blankenship borrowed the car, she forgot to take her gun out, and he was on his way to bring it back to her when he was stopped by law enforcement. The court concluded that there was sufficient evidence Blankenship violated the terms and conditions of his suspended sentence and post-release supervision and ordered him to serve the remainder of his sentence, five years, in the MDOC's custody.

¶6.     Blankenship filed a petition on August 13, 2018, requesting that the circuit court reinstate his post-release supervision. The circuit court denied Blankenship's petition on August 8, 2018, finding that the court lacked jurisdiction to alter or vacate his sentence because "it did not reserve judicial review[.]"

_____

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

3

¶7. On October 15, 2018, Blankenship filed a PCR motion claiming that his post-release supervision was unlawfully revoked and that he was subject to an illegal sentence. On January 11, 2019, the circuit court denied the motion. Appealing the court's ruling, Blankenship argues that his revocation hearing should have been convened in Alcorn County and that he only had two technical violations and, therefore, should have only received 120 days at a technical violations center as his sentence. *See* Miss. Code Ann. 47-7-37(5)(c) (Rev. 2015).

## STANDARD OF REVIEW

¶8. In reviewing PCR matters, we will not reverse the denial of a PCR motion "unless this Court finds that the [circuit] court's decision was clearly erroneous." *Wooten v. State*, 275 So. 3d 96, 98 (¶6) (Miss. Ct. App. 2019) (citing *Smith v. State*, 806 So. 2d 1148, 1150 (¶3) (Miss. Ct. App. 2002)). "[W]here questions of law are raised[,] the applicable standard of review is de novo." *Hobson v. State*, 910 So. 2d 1139, 1140 (¶4) (Miss. Ct. App. 2005).

## DISCUSSION

¶9. We note at the outset that Blankenship has cited no authority for his claims on appeal. "[A]n appellant has a duty to make more than mere assertions[] and should set forth reasons and cite authority in support of his arguments." *Mitchell v. State*, 915 So. 2d 1, 8 (¶22) (Miss. Ct. App. 2005) (citing *Clark v. State*, 503 So. 2d 277, 280 (Miss. 1987)); *accord* M.R.A.P. 28(a)(7). The failure of an appellant to cite any legal authority procedurally bars the claim of error from our review. *Billups v. State*, 270 So. 3d 917, 923 (¶21) (Miss. Ct. App. 2018) (citing *Haskins v. State*, 159 So. 3d 1222, 1224 (¶8) (Miss. Ct. App. 2015)).

4

Additionally, Blankenship's argument that he was entitled to have his revocation hearing conducted in Alcorn County, not Lee County, was not raised in his PCR motion and is therefore waived on appeal. *See Bass v. State*, 174 So. 3d 883, 885-86 (¶7) (Miss. Ct. App. 2015) ("A petitioner who fails to raise an issue in his PCR motion may not raise that issue for the first time on appeal.").[2]

¶10. Procedural bar notwithstanding, we find no merit to Blankenship's remaining claim that he only committed two technical violations and should have been sentenced to 120 days in a technical violation center. When the circuit court revoked Blankenship's post-release supervision, section 47-7-37(5)(c) (Rev. 2015)[3] provided in part:

> If the court revokes probation for a technical violation, the court shall impose a period of imprisonment to be served in either a technical violation center or a restitution center not to exceed ninety (90) days for the first technical violation and not to exceed one[-]hundred[-]twenty (120) days for the second

---

[2] We note that although the transcript does indicate the revocation hearing was held in Lee County, it was conducted by an Alcorn County Circuit Court judge.

[3] Section 47-7-37(5) was amended effective July 1, 2018, to provide in part:

> If the court revokes probation for *one or more technical violations*, the court shall impose a period of imprisonment to be served in either a technical violation center operated by the department or a restitution center not to exceed ninety (90) days for the *first revocation* and not to exceed one hundred twenty (120) days for *the second revocation*. For the *third revocation*, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one hundred eighty (180) days or the court may impose the remainder of the suspended portion of the sentence.

(Emphasis added). However, as the court's order of revocation was filed prior to the amendment, the former version is applicable. *See Lewis v. State*, No. 2018-CP-00970-COA, 2020 WL 634080, at *2 (¶6) (Miss. Ct. App. Feb. 11, 2020) (finding that the 2018 amendment to section 47-7-37(5) should not be applied retroactively).

technical violation. For the third technical violation, the court may impose a period of imprisonment to be served in either a technical violation center or a restitution center for up to one[-]hundred[-]eighty (180) days or the court may impose the remainder of the suspended portion of the sentence. For the fourth and any subsequent technical violation, the court may impose up to the remainder of the suspended portion of the sentence.

A "technical violation" is defined as "an act or omission by the probationer that violates a condition or conditions of probation placed on the probationer by the court or the probation officer." Miss. Code Ann. § 47-7-2(q) (Rev. 2015). Blankenship confessed at the revocation hearing to failing the drug test, constituting one technical violation. The two remaining violations involved criminal charges—possession of methamphetamine and possession of a firearm by a felon—which violated a condition of his probation not to commit any "offenses against the laws of this or any state of the United States, or the United States."

¶11. Moreover, the two possession charges were not just technical violations, but felonies, affording the circuit court discretion to impose the remainder of Blankenship's sentence under Mississippi Code Annotated section 47-7-37.1 (Rev. 2015), which states that "if a court finds by a preponderance of the evidence, that a probationer or a person under post-release supervision has committed a felony or absconded, the court may revoke his probation and impose any or all of the sentence." At the revocation hearing, Officer Willis testified that Blankenship had been indicted for possession of methamphetamine, and Blankenship stated that he had knowledge of the methamphetamine found in his possession. Although McCrary claimed that the methamphetamine was hers, the drugs were found in Blankenship's pocket, and the court found McCrary's testimony—that he only possessed the drugs to keep her from getting into trouble—lacked credibility. With regard to the

6

possession of the firearm, Blankenship did not deny that he was a convicted felon and that the gun was found in the car he was driving; he merely claimed that the gun was not registered in his name. Based on the evidence presented, the circuit court concluded:

> The [c]ourt finds that the evidence is more than sufficient, and more than sufficient probable cause to believe that Mr. Blankenship has violated the terms and conditions of his suspended sentence and post-release supervision.
>
> On January 28, 2018, he tested hot for methamphetamine. He was indicted or has been indicted by the Tishomingo County grand jury in Cause No. CR2018-048 for felony possession of a quantity of methamphetamine at a time when he was serving a suspended sentence and on post-release supervision.
>
> Furthermore, the [c]ourt finds there is probable cause to believe that he has committed an additional felony, being felony possession of a deadly weapon, being a firearm, for which he was arrested by the Tishomingo County sheriff's department on February 23, 2018.

We find no error in the court's determination that sufficient evidence existed that Blankenship violated his post-release supervision, providing the court with discretion to impose the remainder of Blankenship's suspended sentence. *See Jordan v. State*, 270 So. 3d 176, 178 (¶10) (Miss. Ct. App. 2018) (affirming the trial court's revocation of probation and imposition of the remainder of probationer's sentence, citing section 47-7-37.1 and testimony regarding pending charges of burglary and strong-arm robbery against the probationer).

¶12. Accordingly, we affirm the circuit court's denial of Blankenship's PCR motion.

¶13. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**